STATE OF CONNECTICUT *v.* BRUCE JONES
(11056)

DUPONT, C. J., LAVERY and FREEDMAN, Js.

Argued October 2—decision released December 15, 1992

*Joseph J. Romanello,* deputy assistant public defender, for the appellant (defendant).

*Jack W. Fischer,* deputy assistant state's attorney, with whom, on the brief, were *Eugene Callahan,* state's attorney, *Warren Murray,* assistant state's attorney, and *John McKinney,* law student intern, for the appellee (state).

LAVERY, J. The defendant appeals from his conviction after a trial to the court, on one count of risk of injury to a child, General Statutes § 53-21.[1] The defendant claims that § 53-21 is unconstitutionally vague as applied to the facts of this case. We disagree, and affirm the judgment of the trial court.

The trial court could reasonably have found the following facts. On August 21, 1991, Shirleen Jones (Jones) and her four year old son Carl were driven to the defendant's home in Norwalk by her boyfriend. The defendant is the child's father and Jones' husband. Jones and the defendant were involved in a divorce and custody suit at the time these events took place. Jones asked her boyfriend to park the car a few blocks from the defendant's house to avoid an encounter between the defendant and her boyfriend. Jones and her son walked to the defendant's house and went inside. The defendant asked her if they could speak about Carl and they went into another room where the defendant allegedly hit Jones in the face and told her she could not leave until he was ready for her to leave. When she went to say goodbye to Carl, the defendant allegedly threw her onto the bed, began choking her, and made threatening remarks.[2]

---

[1] General Statutes § 53-21 provides: "INJURY OR RISK OF INJURY TO, OR IMPAIRING MORALS OF, CHILDREN. Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

The defendant was also convicted on one count of breach of peace, General Statutes § 53a-181. He does not challenge that conviction.

[2] The defendant had been charged with a count of assault in the third degree, General Statutes § 53a-61, as well as breach of peace, General Statutes § 53a-181, and risk of injury. The court found the defendant not guilty on the assault count. At the very least, Shirleen Jones and the defendant had an animated discussion regarding Carl before she left.

As Jones eventually left the house, the defendant said he would lead her and her boyfriend back to the parkway with his car. When Jones arrived at the car, she said to her boyfriend, "Let's get in the car and let's go." Her boyfriend got in the driver's side, while she got in the passenger's side. The defendant got into his own car, placing Carl in a car seat. The defendant attempted to block the way of Jones and her boyfriend, and then engaged them in high speed pursuit. Eventually, the defendant caught up with Jones and her boyfriend and rammed his vehicle into their vehicle three times. No one was injured.

Norwalk police officer Thomas Rozinski was traveling in a marked car on Connecticut Avenue in Norwalk when he observed the defendant's vehicle strike the red Mazda in which Jones and her boyfriend were riding. The Mazda drove off at a high speed, followed by the defendant. Rozinski stopped the defendant. The defendant emerged from his car and ran toward the police vehicle. The police officer told the defendant to return to his vehicle, but he refused. The officer thought he saw someone waving a pistol inside the defendant's car. He drew a weapon, and advanced towards the vehicle, only to find Carl waving a cap gun. The defendant was very agitated and generally uncooperative. Rozinski placed the defendant under arrest.

Testifying on his own behalf, the defendant admitted having an animated discussion with Jones, but denied hitting or choking her. He claimed that he followed Jones because he wanted to see what her boyfriend looked like, and because he wanted to buy cigarettes. The defendant also denied ramming his car into the Mazda, claiming instead that he hit the other car only once when they were involved in an accident.

At the close of evidence, the court noted that it did not find the defendant's testimony credible in "several

respects" and that it was "somewhat inconsistent." The court also found the defendant's attitude at the beginning of the incident to be antagonistic, that the defendant had operated his car in an erratic manner, and that there was at least one impact confirmed by the police officer.

Before reaching the merits of this appeal, we must first settle the question of reviewability. The state maintains that the defendant's constitutional claim of vagueness is unreviewable on appeal because it was not raised in the trial court. The state notes that the defendant did not brief his claim for entitlement to review under our Supreme Court's holding in *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989). "We conclude that, despite this procedural default, a claim of unconstitutional vagueness falls within the parameters of *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576 (1973), and therefore warrants appellate scrutiny, because it implicates the fundamental due process right to fair warning and the record is adequate to facilitate review." *State* v. *Schriver,* 207 Conn. 456, 459, 542 A.2d 686 (1988), citing *State* v. *McKenna,* 11 Conn. App. 122, 125, 525 A.2d 1374, cert. denied, 205 Conn. 806, 531 A.2d 939 (1987).

"The constitutional injunction that is commonly referred to as the void for vagueness doctrine embodies two central precepts: the right to fair warning of the effect of a governing statute or regulation and the guarantee against standardless law enforcement." *State* v. *Schriver,* supra, 459–60. Furthermore, "[a] vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." (Internal quotation marks omitted.) Id., 460, quoting *Grayned* v. *Rockford,* 408 U.S. 104, 108–109, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972). When considering a challenge to

a statute on vagueness grounds, we must determine whether the law "forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application . . . ." (Internal quotation marks omitted.) *State* v. *Perruccio,* 192 Conn. 154, 158–59, 471 A.2d 632, appeal dismissed, 469 U.S. 801, 105 S. Ct. 55, 83 L. Ed. 2d 6 (1984), quoting *State* v. *Pickering,* 180 Conn. 54, 60, 428 A.2d 322 (1980). The defendant claims that § 53-21 is so vague in its meaning as to fail to give fair warning. To determine if a statute gives adequate warning as to what activity is prohibited, we may turn to the common law, legal dictionaries, or treatises. *State* v. *Perruccio,* supra.

Section 53-21 proscribes "two general types of behavior likely to injure physically or to impair the morals of a minor under sixteen years of age: (1) deliberate indifference to, acquiescence in, or the creation of situations inimical to the minor's moral or physical welfare . . . and (2) acts directly perpetrated on the person of the minor and injurious to his moral or physical well-being." (Citations omitted.) *State* v. *Dennis,* 150 Conn. 245, 250, 188 A.2d 65 (1963); see also *State* v. *Palangio,* 24 Conn. App. 300, 588 A.2d 644, cert. denied, 218 Conn. 911, 591 A.2d 813 (1991); *State* v. *Trujillo,* 12 Conn. App. 320, 531 A.2d 142, cert. denied, 205 Conn. 812, 532 A.2d 588 (1987); *State* v. *Sullivan,* 11 Conn. App. 80, 525 A.2d 1353 (1987); *State* v. *Newton,* 8 Conn. App. 528, 513 A.2d 1261 (1986). Under the statute's first category, it is not necessary that the defendant touch any part of the victim's body to violate § 53-21. *State* v. *Palangio,* supra, 303. "[T]he creation of a prohibited situation is sufficient." *State* v. *Perruccio,* supra, 159–60. In the present case, the defendant placed his child in his car, pursued another vehicle at high speed, and then rammed into the other vehicle. The possibilities for injury to the child were myriad.

The defendant claims that the statute does not adequately distinguish between acceptable and unacceptable behavior. On appeal, he still maintains that he had an "accident" with the vehicle in which his wife and her companion were riding. Relying on *State* v. *Schriver,* supra, 460, in which our Supreme Court ruled that § 53-21 was void for vagueness as applied to the facts of that case, the defendant argues that § 53-21 "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis." (Internal quotation marks omitted.) The factual issue of whether the defendant was involved in an accident, or instead deliberately ran his vehicle into the other vehicle was decided by the trier of fact after hearing all of the evidence. We will not disturb that finding on appeal. The facts of this case, as determined by the trier of fact, show that the defendant took actions that the statute clearly proscribes. He created a situation inimical to the child's physical welfare.

The defendant also relies on *Schriver* in claiming that the judicial gloss on § 53-21 does not give adequate warning that the actions he took were prohibited by the statute. The *Schriver* court concluded, after reviewing several previous § 53-21 cases, that the "authoritative judicial gloss . . . limits the type of physical harm prohibited by § 53-21 to instances of deliberate, blatant abuse." *State* v. *Schriver,* supra, 466. Measured by that standard, the conviction of the defendant in *Schriver* could not stand. The court went on, however, to state: "At the outset, we note that the defendant in this case was charged under the second part of § 53-21. To have violated the statute, then, the defendant had to have committed acts directly perpetrated on the person of a minor, whether the alleged impairment was mental or physical. *Under different circumstances, the state might elect to prosecute under the first part of § 53-21, which proscribes the 'deliberate indifference to, acquies-*

*cence in, or the creation of situations inimical to the minor's moral or physical welfare . . . .' "* (Emphasis added.) Id., 467; see also *State* v. *Erzen,* 29 Conn. App. 591, 596, 617 A.2d 177 (1992). In the present case, the defendant was charged by a short form information and he did not request a bill of particulars or a statement of essential facts. The burden rests on the defendant to request a bill of particulars and a statement of essential facts. *State* v. *Vincent,* 194 Conn. 198, 205, 479 A.2d 237 (1984); *State* v. *Osman,* 21 Conn. App. 299, 310, 573 A.2d 743 (1990), rev'd on other grounds, 218 Conn. 432, 589 A.2d 1227 (1991); see also Practice Book §§ 625 and 831. Therefore, the defendant is precluded from relying on the judicial gloss that *Schriver* gave the second part of § 53-21.

The judgment is affirmed.

In this opinion the other judges concurred.