# STATE OF CONNECTICUT *v.* ALBERTO RODRIGUEZ
## (AC 18347)

Lavery, C. J., and Schaller and Daly, Js.

Argued April 27—officially released October 10, 2000

*Jeremiah Donovan,* for the appellant (defendant).

*Rita M. Shair*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Sandra L. Tullius*, assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Alberto Rodriguez, appeals from the judgment of conviction, rendered after a jury trial, of two counts of sexual assault in the first degree in violation of General Statutes (Rev. to 1989) § 53a-70 (a) (2), as amended by Public Acts 1989, No. 89-359, one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1), one count of attempt to commit sexual assault in the first degree in violation of General Statutes § 53a-49 and General Statutes (Rev. to 1989) § 53a-70 (a) (2), as amended by Public Acts 1989, No. 89-359, and one count of risk of injury to a child in violation of General Statutes § 53-21.

On appeal, the defendant claims that the trial court improperly (1) refused to allow the defense to inspect the victim's school health assessments and allowed only one page of those records to be admitted into evidence, (2) refused to admit testimony from the school nurse about the victim's teacher, (3) instructed the jury that it could consider the two versions of the facts as presented by the victim and the defendant, and (4) instructed the jury that it could consider the defendant's interest in the outcome of the case when evaluating his credibility.[1] We affirm the judgment of the trial court.

---

[1] The defendant also claims that the court improperly allowed the state to elicit from the boyfriend of the victim's mother testimony concerning what the mother had told him about her daughter's claimed sexual abuse and testimony concerning statements by the victim to her mother. This claim was not preserved at trial.

Although the defendant initially objected to questions by the state, after an off-the-record discussion the state resumed questioning without further objection. No ruling by the court exists. In his principal brief, the defendant does not seek review of his unpreserved evidentiary claim under *State* v. *Golding*, 213 Conn 233, 239–40, 567 A.2d 823 (1989), or the plain error

The jury reasonably could have found the following facts. In 1989, at the time the sexual assaults began, the victim, her mother and the defendant all lived together. The victim was ten years old. During the summer of that year, the defendant began to perform oral sex on the victim approximately two to three times per week. The defendant also attempted to have the victim perform fellatio on him, but she refused. When the victim was eleven years old, the defendant began having sexual intercourse with her in his bedroom and the living room of their dwelling.

One morning in 1991, the victim's mother returned home from work and found the defendant in bed with the victim in the victim's bed. The defendant immediately pretended that he was trying to wake the victim, but he had an erection when he got out of the bed.

At trial, the state proffered testimony about the physical and psychological effects of the sexual abuse. The victim testified that she starved herself, her hair became brittle as a result of her deficient diet and that she became dizzy at school. Additional facts will be set forth where necessary.

I

The defendant claims first that the court abused its discretion in refusing to allow the defense to inspect the victim's school health assessments and in limiting the admission of the assessments into evidence to a single page. We disagree.

doctrine. Practice Book § 60-5. The defendant seeks review under both for the first time in his reply brief, which precludes our review. See, e.g., *State v. Torres*, 31 Conn. App. 443, 445–46 n.1, 625 A.2d 239 (1993), aff'd, 230 Conn. 372, 645 A.2d 529 (1994). Moreover, the evidentiary claim is unavailing under *Golding*; *State v. Teel*, 42 Conn. App. 500, 504–505 n.5, 681 A.2d 974, cert. denied, 239 Conn. 921, 682 A.2d 1012 (1996); and the claimed improper ruling is not "so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State v. Domian*, 235 Conn. 679, 692, 668 A.2d 1333 (1996).

The defense issued a subpoena to the New Haven board of education bureau of nursing, directing the production of the victim's school medical records pertaining to her physical examinations, which records were produced in court. The state made a motion in limine to preclude disclosure of the records under General Statutes §§ 10-205 through 10-209, claiming that the records were inadmissible. The defendant sought to examine all of the subpoenaed records for the purpose of determining their usefulness to the defense. The victim was not in court when the issue arose and took no position on the disclosure of the documents. The state's attorney, however, indicated that the victim "has pretty much vested in me the ability to go on my best judgment as to what I feel is appropriate. I think that in that stead, for the limited use of this document that the state will not object, and I think I can state that [the victim] would not object as well since she is eighteen and she has control of her own records at this time." The corporation counsel for the city of New Haven argued that the court should review the materials pursuant to General Statutes § 10-15b[2] before disclosing any of the records.

---

[2] General Statutes § 10-15b (b) provides in relevant part: "If any private or public school is served with a subpoena issued by competent authority directing the production of school or student records in connection with any proceedings in any court, the school upon which such subpoena is served may deliver such record or at its option a copy thereof to the clerk of such court. Such clerk shall give a receipt for the same, shall be responsible for the safekeeping thereof, shall not permit the same to be removed from the premises of the court and shall notify the school to call for the same when it is no longer needed for use in court. Any such record or copy so delivered to such clerk shall be sealed in an envelope which shall indicate the name of the school or student, the name of the attorney subpoenaing the same and the title of the case referred to in the subpoena. No such record or copy shall be open to inspection by any person except upon the order of a judge of the court concerned, and any such record or copy shall at all times be subject to the order of such judge. Any and all parts of any such record or copy, if not otherwise inadmissible, shall be admitted in evidence without any preliminary testimony, if there is attached thereto the certification in affidavit form of the person in charge of such records indicating that such record or copy is the original record or a copy thereof, made in the regular course of the business of the school, and that it was the

The court did not make a determination that § 10-209[3] created a privilege that required it to withhold the health assessment records from the trial proceedings. The court, however, examined the records in camera and, after doing so, decided that only one two-sided page of the documents was relevant to the proceedings. The court ruled that "[t]he balance of the documents have no bearing on this case with one exception and that simply repeats something that's on the reverse side of the document that you are now talking about." The court filed the remainder of the documents as a court exhibit under seal. We note that although the defendant states in his principal brief that he "continued to request that [he] be given access to the entire document," he did not seek a specific ruling from the court as to the basis for its decision to withhold the documents.

The defendant argues first that the court improperly failed to allow him to examine the documents himself, instead reviewing them in camera. We disagree. Section 10-209 provides that the subject records are not to be public.[4] Furthermore, "[n]o such record or copy shall be open to inspection by *any person* except upon the order of a judge of the court concerned," and "[a]ny and all parts of any such record or copy, *if not otherwise inadmissible*, shall be admitted in evidence . . . ." (Emphasis added.) General Statutes § 10-15b (b). Pursuant to the language of § 10-15b (b), the court acted properly in accordance with its authority to determine whether anyone should have access to the records and to determine the admissibility of portions of the

regular course of such business to make such record at the time of the transactions, occurrences or events recorded therein or within a reasonable time thereafter. . . ."

[3] General Statutes § 10-209 provides: "No record of any medical examination made or filed under the provisions of sections 10-205, 10-206, 10-207 and 10-214, or of any psychological examination made under the supervision or at the request of a board of education, shall be open to public inspection."

[4] See footnote 3.

records. The court's in camera review of the records was authorized by statute and therefore was proper.

The court's ruling on the admissibility of evidence is entitled to great deference. *State* v. *Castonguay*, 218 Conn. 486, 497, 590 A.2d 901 (1991); see *State* v. *Sharpe*, 195 Conn. 651, 659, 491 A.2d 345 (1985). "[T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Coleman*, 241 Conn. 784, 789, 699 A.2d 91 (1997). "Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. . . . Evidence is irrelevant or too remote if there is such a want of open and visible connection between the evidentiary and principal facts that, all things considered, the former is not worthy or safe to be admitted in the proof of the latter. . . . A party is not required to offer such proof of a fact that it excludes all other hypotheses; it is sufficient if the evidence tends to make the existence or nonexistence of any other fact more probable or less probable than it would be without such evidence. . . . Evidence is not rendered inadmissible because it is not conclusive. All that is required is that the evidence tend to support a relevant fact even to a slight degree, so long as it is not prejudicial or merely cumulative." (Citations omitted; internal quotation marks omitted.) *State* v. *Prioleau*, 235 Conn. 274, 305, 664 A.2d 743 (1995).

Both parties request that we conduct an independent review of the sealed records. See, e.g., *State* v. *Santiago*, 224 Conn. 325, 337, 618 A.2d 32 (1992) (appeals court may review sealed records). Our review of the sealed file in the record leads us to a conclusion no different from that reached by the trial court. The trial court did not abuse its discretion in its determination regarding the admissibility of the balance of the records.

Citing *Davis* v. *Alaska*, 415 U.S. 308, 320, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974), the defendant also argues that the "exclusion" of the subpoenaed documents violated his constitutional right to present witnesses. The documents were not excluded in their entirety. Only the portions deemed not to be relevant were excluded. The defendant has no right to present evidence that is not admissible according to the rules of evidence, and it is the trial court's function to make evidentiary determinations. The defendant concedes in his principal brief that "[t]he constitution does not require that the defendant be permitted to present every piece of evidence he wishes, although the exclusionary rules of evidence cannot be applied 'mechanistically' to deprive the defendant of his rights." *State* v. *Cassidy*, 3 Conn. App. 374, 383, 489 A.2d 386, cert. denied, 196 Conn. 803, 492 A.2d 1239 (1985). The defendant further concedes that if proffered evidence is not relevant, his right to present witnesses has not been affected. In this case, the trial court carefully reviewed the documents. We conclude, on the basis of our own review, that the trial court did not abuse its discretion.

II

The defendant claims next that in light of testimony by the victim and her mother that the sexual abuse had caused physical and psychological changes in the victim, and testimony from the victim's teacher that she had observed none of those changes, the court

improperly precluded the defendant from establishing through the school nurse that the teacher conscientiously observed her students' health and psychological difficulties, and would have noticed the changes described by the victim had they actually occurred. We disagree.

The teacher taught the victim in the sixth, seventh and eighth grades, and was her homeroom teacher in the eighth grade. To rebut the contention of the victim and her mother that the victim's physical and mental health changed with the advent of the sexual abuse, the defendant elicited the testimony of the teacher that she noticed no changes in the victim relative to the sexual abuse. While questioning the school nurse, the defense asked, "[w]hile you were a school nurse . . . did you have an ability to sense whether [the teacher] was conscientious about noting health changes or health concerns with respect to students?" The state objected to the question on the ground that the defendant was seeking to have one witness vouch for the credibility of another, and the court sustained the objection.

The victim and her mother were witnesses at the trial and, therefore, the defendant had the opportunity to impeach their credibility. Furthermore, the teacher testified that contrary to the testimony of the victim and the victim's mother, she noticed no changes in the victim related to the sexual abuse. The defendant was free to argue these contradictions to the jury. We conclude that in addition to the grounds for objecting to the proffered testimony, the excluded testimony was cumulative of evidence that the defendant either did or had the opportunity to elicit or rely on. It is within the court's discretion to exclude cumulative evidence. *State v. Watley*, 195 Conn. 485, 490, 488 A.2d 1245 (1985). Because adequate other grounds existed for the court's exclusion of the proffered testimony, we need not

address the defendant's claim regarding the propriety of the court's grounds for exclusion. See, e.g., *State* v. *Green*, 38 Conn. App. 868, 875, 663 A.2d 1085 (1995) (where court reaches correct conclusion, reviewing courts sustain action if proper grounds exist.)

### III

The defendant claims next that the court improperly instructed the jury when it juxtaposed the testimony of the victim and the defendant, and told the jury to "resolve any conflicts in testimony and find where the truth lies," thereby diluting the state's burden of proving him guilty beyond a reasonable doubt. We are not persuaded.

During the course of its charge to the jury, the court, in three instances, set forth claims made by the state and, in each instance, stated that the defendant's position was opposite to that of the state. The gravamen of the defendant's claim is that the court stated: "As I told you, you must resolve any conflicts in testimony and find where the truth lies, and in so doing the credibility of the witness is entirely within your province as jurors." Read as a whole, the court's instruction was proper.

In reviewing claims of improper jury instructions, we are guided by well established principles. "In determining whether it was . . . reasonably possible that the jury was misled by the trial court's instructions, the charge to the jury is not to be critically dissected for the purpose of discovering possible inaccuracies of statement, but it is to be considered rather as to its probable effect upon the jury in guiding them to a correct verdict in the case. . . . The charge is to be read as a whole and individual instructions are not to be judged in artificial isolation from the overall charge. . . . The test to be applied . . . is whether the charge, considered as a whole, presents the case to the jury so

that no injustice will result." (Internal quotation marks omitted.) *State v. Schiappa*, 248 Conn. 132, 171, 728 A.2d 466, cert. denied, 528 U.S. 862, 120 S. Ct. 152, 145 L. Ed. 2d 129 (1999).

The defendant objected to the subject portions of the charge and pursuant to the objection, the court provided the following supplemental instruction: "I wanted to add one thing to the charge. I just want to make sure, I don't want you to—by the fact that I brought you back out—to think that anything is, one thing is more important than anything else. The whole charge should be taken in its total context.

"The only thing I wanted to add is that nothing that I have said about the evidence should be viewed by you as relieving the state of its burden of proof. The state has the burden of proving guilt, and you understand that, I'm sure." Elsewhere in the original charge, the court reiterated the state's burden of proof several times.

Our review of the charge as a whole leads us to the conclusion that it adequately apprised the jury as to its duty to assess the credibility of the witnesses and as to the requirement that the state prove its case beyond a reasonable doubt. Furthermore, it was not reasonably probable that the jury was misled as to the state's burden of proof.

IV

The defendant claims finally that the court improperly instructed the jury that it could consider his interest in the outcome of the case when evaluating his credibility. This claim is without merit.

The court instructed the jury as follows: "Ladies and gentlemen, an accused person is not obliged to take the witness stand in his own behalf. On the other hand, he has a perfect right to do so, as this defendant has

done. In weighing the testimony he gave, apply the same principles by which the testimony of other witnesses [is] tested. That necessarily includes a consideration of his interest in the case, the importance to him of the outcome of the trial. An accused person, having become a witness, comes before you just like any other witness. He is entitled to a fair and careful consideration of his testimony, but he must have his testimony tested and measured in the same way as any other witness, including the element of his interest in the decision you are to render."

In *State* v. *Colon*, 37 Conn. App. 635, 639–41, 657 A.2d 247, cert. denied, 234 Conn. 911, 660 A.2d 354 (1995), this court rejected a challenge to language virtually identical to the language here. Accordingly, the defendant's claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.