IN RE JARELLE G.*
(AC 33488)

DiPentima, C. J., and Bear and West, Js.

___

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

Argued November 7, 2011—officially released January 24, 2012

*James J. Connolly*, supervisory assistant public defender, for the appellant (respondent).

*Colleen Valentine*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (petitioner).

*Opinion*

WEST, J. The respondent, Jarelle G., appeals from the judgment of the trial court extending his delinquency commitment to the custody of the petitioner, the commissioner of children and families (commissioner), for an additional eighteen months. On appeal, the respondent claims that General Statutes § 46b-141 (b) is unconstitutional under the void for vagueness doctrine. Because the respondent did not preserve his constitutional claim at trial or affirmatively assert his entitlement to appellate review pursuant to *State* v. *Golding*,

213 Conn. 233, 567 A.2d 823 (1989), in his main brief to this court, we decline to review his claim on appeal.

The following facts and procedural history are relevant to this appeal. On November 2, 2009, the respondent was arrested for possession of narcotics in violation of General Statutes § 21a-279 (a), sale of illegal drugs in violation of General Statutes § 21a-278 (b), possession of narcotics within 1500 feet of a school in violation of General Statutes § 21a-279 (d), sale of narcotics within 1500 feet of a school in violation of General Statutes § 21a-278a (b), and interfering with an officer in violation of General Statutes § 53a-167a. The court accepted an agreement between the respondent and the juvenile prosecutor resulting in the respondent's commitment to the custody of the commissioner as a juvenile delinquent for eighteen months.[1] The respondent was committed to a juvenile facility on November 18, 2009, and he remained in the custody of the commissioner until he was placed on parole status in the custody of his mother on January 28, 2011. Following reunification with his mother, the respondent repeatedly violated the conditions of his parole, including leaving his mother's home without permission on several occasions and testing positive for marijuana. The respondent was removed from his mother's home at her request on March 30, 2011, and readmitted to a juvenile facility until April 5, 2011, when he again was placed on parole status in the custody of his mother. Once again, the respondent violated the terms of his parole. On April 18, 2011, the commissioner filed a motion for an extension of the respondent's delinquency commitment for an additional eighteen months, which was granted on May 16, 2011. In granting the

---

[1] Under the agreement, all of the drug charges would be nolled, but the respondent would admit to the charge of interfering with an officer. Additionally, a warrant against the respondent in Georgia would be rescinded if he was committed as a juvenile delinquent.

commissioner's motion, the court found under § 46b-141 (b) that it would be in the best interest of the respondent or the community to extend the respondent's commitment to the custody of the commissioner. The respondent now appeals from the judgment of the trial court extending his commitment for an additional eighteen months.

The respondent argues that § 46b-141 (b) is unconstitutional under the void for vagueness doctrine.[2] Specifically, the respondent argues that § 46b-141 (b) failed to provide adequate notice to him of what conduct was prohibited and that the "best interest" standard created an arbitrary and discriminatory extension of his delinquency commitment.

The respondent concedes that his claim was not raised before the trial court and that he first requested review under *State* v. *Golding*, supra, 213 Conn. 239–40, in his reply brief. The commissioner argues that the respondent's claim is unreviewable because the respondent has failed to establish his entitlement to review of his unpreserved constitutional claim under *Golding* in that he failed to request *Golding* review in his main brief. As a preliminary matter, we must determine whether the respondent is entitled to review of his claim pursuant to *Golding*. The respondent concedes that "it would have been prudent to include a *Golding* analysis in his main brief" but argues that the rule against reviewing unpreserved claims without seeking *Golding* review is not absolute. He argues that this court should review his unpreserved claim because appellate courts

---

[2] General Statutes § 46b-141 (b) provides in relevant part: "The Commissioner of Children and Families may file a motion for an extension of the commitment . . . beyond the eighteen-month period on the grounds that such extension is for the best interest of the child or the community. . . . The court may, after hearing and upon finding that such extension is in the best interest of the child or the community, continue the commitment for an additional period of not more than eighteen months. . . ."

have reviewed unpreserved claims of unconstitutional vagueness previously.[3] We disagree.

"It is a bedrock principle of appellate jurisprudence that, *generally*, claims of error not raised before the trial court will not be considered by a reviewing court. The principle is rooted in considerations of fairness as well as judicial economy." (Emphasis in original.) *State* v. *Elson*, 125 Conn. App. 328, 340–41, 9 A.3d 731 (2010) (en banc), cert. granted, 300 Conn. 904, 12 A.3d 572 (2011). Nonetheless, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

"[A]s a prerequisite to *Golding* review, a party must *affirmatively request* review pursuant to *Golding* in its

---

[3] The respondent argues that on occasions when a party has failed to raise *Golding* review in its main brief, appellate courts have still reviewed unpreserved claims of unconstitutional vagueness and cites *State* v. *Jones*, 215 Conn. 173, 575 A.2d 216 (1990), *State* v. *Jones*, 29 Conn. App. 683, 617 A.2d 918 (1992), and *State* v. *Battista*, 31 Conn. App. 497, 626 A.2d 769, cert. denied, 227 Conn. 907, 632 A.2d 696 (1993), for this principle. To the extent that these cases may be interpreted to suggest that a party need not affirmatively request *Golding* review in its main brief, subsequent decisions by this court and our Supreme Court have abrogated such an interpretation. See *State* v. *Elson*, 125 Conn. App. 328, 340–59, 9 A.3d 731 (2010) (en banc), cert. granted, 300 Conn. 904, 12 A.3d 572 (2011).

main brief." (Emphasis in original.) *State* v. *Elson*, supra, 125 Conn. App. 346. Such a request must be "nothing less than an explicit assertion and analysis in a party's main brief that explains that, if the reviewing court deems a particular claim to be unpreserved, that claim nonetheless is reviewable on appeal because the record is adequate to review the claim and it is a claim of constitutional magnitude." Id., 354–55. "It is inappropriate for a party to request review under *Golding* for the first time in its reply brief. See, e.g., *Lebron* v. *Commissioner of Correction*, [274 Conn. 507, 532, 876 A.2d 1178 (2005)] (declining to review claim under *Golding* when request appears for first time in reply brief); *State* v. *Garvin*, 242 Conn. 296, 312, 699 A.2d 921 (1997) ('[t]he reply brief is not the proper vehicle in which to provide this court with the basis for our review under an *Evans–Golding* analysis' . . .); *State* v. *Rosario*, 113 Conn. App. 79, 93, 966 A.2d 249 (declining to review claim under *Golding* because request for such review made for first time in reply brief), cert. denied, 291 Conn. 912, 969 A.2d 176 (2009); *State* v. *Spiegelmann*, 81 Conn. App. 441, 447, 840 A.2d 69 (same), cert. denied, 268 Conn. 921, 846 A.2d 882 (2004); *Daniels* v. *Alander*, 75 Conn. App. 864, 882–83, 818 A.2d 106 (2003) (same), aff'd, 268 Conn. 320, 844 A.2d 182 (2004); *State* v. *Wright*, 62 Conn. App. 743, 756, 774 A.2d 1015 (same), cert. denied, 256 Conn. 919, 774 A.2d 142 (2001); *State* v. *Rodriguez*, 60 Conn. App. 398, 399 n.1, 759 A.2d 123 (2000) (same), cert. denied, 255 Conn. 928, 767 A.2d 103 (2001); *State* v. *Jones*, 34 Conn. App. 807, 815, 644 A.2d 355 (same), cert. denied, 231 Conn. 909, 648 A.2d 158 (1994)." *State* v. *Elson*, supra, 347–48.

In the present case, the respondent requested *Golding* review for the first time in his reply brief. The respondent's main brief is devoid of any reference to *Golding*, nor does it request an extraordinary level of

review or address the adequacy of the record. Instead, the respondent's main brief analyzes the merits of his claim as if it were preserved properly. The respondent's request for *Golding* review, made for the first time in his reply brief, runs afoul of the well settled rule that a party may not seek *Golding* review for the first time in a reply brief. See *Bennett* v. *New Milford Hospital, Inc.*, 300 Conn. 1, 32, 12 A.3d 865 (2011); *Lebron* v. *Commissioner of Correction*, supra, 274 Conn. 532.

The respondent has failed to request review of his unpreserved constitutional claim pursuant to *Golding* in his main brief. Accordingly, we do not review his unpreserved claim.

The judgment is affirmed.

In this opinion the other judges concurred.