## STATE OF CONNECTICUT *v.* BROOKS TURNER
### (AC 20332)

Schaller, Flynn and Daly, Js.

Argued September 21, 2001—officially released January 1, 2002

*Francis L. O'Reilly*, special public defender, for the appellant (defendant).

*Michele C. Lukban*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Michael A. Pepper*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DALY, J. The defendant, Brooks Turner, appeals from the judgment of conviction, rendered after a jury trial, of carrying a pistol without a permit in violation of General Statutes § 29-35 (a),[1] possession of a weapon in a motor vehicle in violation of General Statutes (Rev. to 1997) § 29-38,[2] criminal possession of a firearm in violation of General Statutes (Rev. to 1997) § 53a-217 (a)[3] and criminal possession of a pistol in violation

---

[1] General Statutes § 29-35 (a) provides in relevant part: "No person shall carry any pistol or revolver upon one's person, except when such person is within the dwelling house or place of business of such person, without a permit to carry the same issued as provided in section 29-28. . . ."

[2] General Statutes (Rev. to 1997) § 29-38 provides in relevant part: "Any person who knowingly has, in any vehicle owned, operated or occupied by him, any weapon for which a proper permit has not been issued as provided in section 29-28 or section 53-206, or has not registered such weapon as required by section 53-202, as the case may be, shall be fined not more than one thousand dollars or imprisoned not more than five years or both, and the presence of any such weapon in any vehicle shall be prima facie evidence of a violation of this section by the owner, operator and each occupant thereof. . . ."

[3] General Statutes (Rev. to 1997) § 53a-217 (a) provides: "A person is guilty of criminal possession of a firearm or electronic defense weapon when he possesses a firearm or electronic defense weapon and has been convicted of a capital felony, a class A felony, except a conviction under section 53a-196a, a class B felony, except a conviction under section 53a-86, 53a-122 or 53a-196b, a class C felony, except a conviction under section 53a-87, 53a-152 or 53a-153, or a class D felony under sections 53a-60 to 53a-60c, inclusive,

of General Statutes § 53a-217c (a) (1).[4] The defendant claims that the trial court improperly (1) used inflammatory language during its description of circumstantial evidence to the jury and (2) diluted the state's burden of proof when it incorrectly instructed the jury on the defendant's consciousness of guilt. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. At approximately 11 p.m. on November 14, 1997, the defendant was driving his motor vehicle with three female passengers, Marketta Williams, Marissa Coles and Starr Coles. The defendant parked his car on Elm Street in New Haven and exited the vehicle with Marissa Coles, leaving Williams in the front passenger seat and Starr Coles in the backseat behind Williams. Approximately fifteen minutes later, Officer John C. Magoveny and Sergeant Raymond Hassett of the New Haven police department, in separate vehicles, approached the defendant's vehicle. Magoveny parked his vehicle facing the defendant's vehicle, and Hassett parked his vehicle behind the defendant's vehicle. Both police vehicles were angled to illuminate the interior of the defendant's vehicle. Magoveny inquired of Williams at the passenger side window whether her vehicle was disabled. Williams responded: "No, we're straight, we're straight." Hassett was at the rear of the defendant's vehicle, looking at the license plate and talking on his radio.

Magoveny heard footsteps from the alleyway that was perpendicular to where the defendant's vehicle was

53a-72a, 53a-72b, 53a-95, 53a-103, 53a-103a, 53a-114, 53a-136 or 53a-216. For purposes of this section, 'convicted' means having a judgment of conviction entered by a court of competent jurisdiction."

[4] General Statutes § 53a-217c (a) provides in relevant part: "A person is guilty of criminal possession of a pistol or revolver when such person possesses a pistol or revolver, as defined in section 29-27, and has been convicted of a felony or of a violation of subsection (c) of section 21a-279, section 53a-58, 53a-61, 53a-61a, 53a-62, 53a-63, 53a-96, 53a-175, 53a-176, 53a-178 or 53a-181d . . . ."

parked. He glanced over the car from the passenger side and saw the defendant approaching the driver's side with Marissa Coles following close behind. Magoveny observed the defendant holding a gun waist high, pointed out straight. Magoveny realized that Hassett had not noticed that the defendant approached them with a gun and tried to warn Hassett in code to use extreme caution. The defendant and Marissa Coles proceeded to get into the car, the defendant in the front seat and Coles in the back. Magoveny aimed his service weapon through the passenger side window and shouted to everyone in the car to show him their hands. Magoveny observed the defendant place the weapon under the driver's seat and then place his hands on the steering wheel while staring straight ahead. Hassett went from the back of the vehicle to the driver's side, opened the door and removed the defendant from the vehicle, then handcuffed him and escorted the defendant to a police vehicle. Magoveny removed the gun from under the driver's seat. Thereafter, the defendant was convicted and this appeal followed.

Both of the defendant's claims pertain to the jury instructions. "When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *State* v. *Cramer*, 57 Conn.

App. 452, 460, 749 A.2d 60, cert. denied, 253 Conn. 924, 754 A.2d 797 (2000).

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the accused] is charged. . . . It is axiomatic that the state is required to prove all the essential elements of the crimes charged beyond a reasonable doubt in order to obtain a conviction. . . . A jury instruction is constitutionally adequate if it provides the jurors with a clear understanding of the elements of the crime charged, and . . . afford[s] proper guidance for their determination of whether those elements were present. . . . Furthermore, it is well established that [a]n instruction that dilutes the state's burden, or places a burden on the defendant to prove his innocence, is unconstitutional." (Citations omitted; internal quotation marks omitted.) *State* v. *Valinski,* 254 Conn. 107, 120, 756 A.2d 1250 (2000). With that standard in mind, we now turn to the defendant's claims.

I

The defendant first claims that the court improperly used inflammatory language during its description of circumstantial evidence by giving the following example: "[M]y clerk reaches in the [drawer], I'll take it away from him, all right, reach in the [drawer] in front of me and pick out a pistol, aim it at the sheriff. You see me squeeze the trigger. You hear a bang, maybe a little smoke comes out the front of the pistol. The sheriff grabs his arm, and you see a red spot on—from between his fingers. Unless you've got the extra vision of Superman, you didn't see the bullet leave the pistol, travel the arc—through the air and strike [him]. You saw the trigger being pulled, you heard a bang, a little bit of smoke, the sheriff grabbing his arm, and blood. So, you

infer, from all that, that the bullet left the chamber of the pistol, traveled across the room and hit him; that's circumstantial. One's as good evidence as the other." Specifically, the defendant argues that this example of circumstantial evidence was highly prejudicial because it inflamed the passions of the jury and practically directs a verdict for the state. We do not agree.

We initially note that the defendant seeks review of his claim under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), which applies to unpreserved constitutional claims. Although it is true that the defendant did not object to the example given by the court, he did preserve his claim for our review by his written request to charge on circumstantial evidence. Practice Book § 42-16. *Golding* review, therefore, is not required.

"[T]he use of a proper example in jury instructions serves to make less abstract and more comprehensible the meaning of a complex legal concept or term. The same considerations, however, would indicate that a jury may give undue weight to examples because they are easier to understand and may even simply compare the defendant's actions with the example. To prevent these adverse effects, the trial judge must clearly indicate that the examples are *only* examples, and that the jury must determine guilt or innocence by following the jury instructions as a whole. . . . An illustration is not objectionable merely because it bore hardly upon the defendant, or only because the transaction of which he was charged was one of like character, and indicative of the same intent. . . . In considering whether an illustration is fair or prejudicial, it is necessary to consider the instructions as a whole and all the facts and circumstances surrounding the trial and shown by the evidence, such as the complexity or simplicity of the issues and the multiplicity of facts. . . . The extent to which a judge will use hypothetical examples and discuss particular possible factual issues must be left

largely to his discretion." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Hines*, 187 Conn. 199, 210–11, 445 A.2d 314 (1982).

Our Supreme Court has approved the use of examples by the trial court in jury instructions. In *State* v. *Hines*, supra, 187 Conn. 208–209, the trial court's instructions included an example of self-defense that was very similar to the facts in that case. The example stated by the court was: "Now, let me give an example. Suppose Mr. Smith attacks me with a knife and suppose I repel him by taking the knife away from him, I would not be justified in that instance in then placing the knife in his body, because the danger is now past." (Internal quotation marks omitted.) Id., 208. The defendant in *Hines* claimed that the court's example had the effect of removing the issue of self-defense from the jury's consideration and misled the jury. Our Supreme Court concluded that the example "did not have the effect of taking the decision on the issue of self-defense away from the jury. It was merely an example; the court specifically said it was. . . . The factual circumstances in the evidence concerning it were left for the jury to pass upon. The example cannot be said to be an unfair statement of the law which it was offered to illustrate. It can hardly be characterized, as the defendant contends, as a 'direction' to the jury. Nor did it contain any 'distinct intimation' to the jury that this issue was no longer for it to decide because the court was directing it to decide that issue in a given fashion. . . . It is stretching matters too far to say that the use of this example, in connection with the proposition of law involved, was such as to warrant a reversal on the theory that the use of it, as the defendant appears to suggest, brought about his conviction." (Citations omitted.) Id., 212–13.

The example here is similar to that given in *Hines*. The court specifically stated that it was giving an exam-

ple of direct and circumstantial evidence, and that there was no legal distinction between the probative value of the two types of evidence. The court continued to instruct the jury specifically that the factual circumstances in the evidence were left for the jury to pass upon. The example here also cannot be said to be an unfair statement of the law of circumstantial evidence of which it was offered to illustrate. As in *Hines*, the example can hardly be characterized as a "direction" to the jury. Furthermore, nowhere in the instruction was there a "distinct intimation" to the jury that this issue was no longer for it to decide. The court, in fact, repeatedly informed the jury that it was the sole fact finder. We conclude, therefore, that the court's example was not improper.

## II

The defendant next claims that the court improperly diluted the state's burden of proof when it incorrectly instructed the jury on the defendant's consciousness of guilt. Specifically, the defendant argues that the court improperly stated: "The defendant's possession of or attempt to conceal anything, which is a part of the crime, might be offered because such conduct or statements tend to show a consciousness of guilt." The defendant argues that the fact that he possessed a weapon was not a proper ground for a consciousness of guilt instruction because the ultimate questions before the jury were whether he possessed the pistol, without a permit, while he was a felon and with an obliterated serial number. We decline to review that claim.

The defendant admits that his claim was not properly preserved at trial; therefore, he seeks appellate review pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40. In *Golding*, our Supreme court held that "a defendant can prevail on a claim of constitutional error not pre-

served at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) Id. "The first two questions relate to whether a defendant's claim is reviewable, and the last two relate to the substance of the actual review." (Internal quotation marks omitted.) *State* v. *Vicente*, 62 Conn. App. 625, 629, 772 A.2d 643 (2001).

The defendant's claim is not of constitutional magnitude. "It has . . . been stated numerous times that consciousness of guilt issues are not constitutional and, therefore, are not subject to review under the . . . *Golding* standard." (Internal quotation marks omitted.) *State* v. *Payne*, 63 Conn. App. 583, 595, 777 A.2d 731, cert. granted on other grounds, 257 Conn. 904, 777 A.2d 195 (2001). We therefore decline to review the defendant's unpreserved claim as to the court's consciousness of guilt instruction.

The judgment is affirmed.

In this opinion the other judges concurred.