STATE OF CONNECTICUT *v.* ALESSANDRO PEREZ
(AC 24769)

Dranginis, Flynn and Stoughton, Js.

Argued October 21, 2004—officially released January 25, 2005

*Gary A. Mastronardi,* with whom, on the brief, was *Edward T. Murnane, Jr.,* for the appellant (defendant).

*James M. Ralls,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's

attorney, and *Michael A. Pepper*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DRANGINIS, J. The defendant, Alessandro Perez, appeals from the judgment of conviction, rendered after a jury trial, of kidnapping in the second degree, criminal possession of a pistol or revolver, carrying a pistol without a permit and failure to appear in the first degree in violation of General Statutes §§ 53a-94, 53a-217c, 29-35 and 53a-172, respectively. On appeal, the defendant claims that the trial court improperly (1) admitted photographs into evidence and (2) instructed the jury with respect to evidence of consciousness of guilt and his prior felony conviction. For the following reasons, we affirm the judgment of the trial court.

At approximately 9:30 a.m. on October 1, 2002, Andres Aviles, a taxicab driver, was stopped at a red traffic signal at the intersection of Whalley Avenue and Amity Road in New Haven. The defendant approached the taxicab and, without saying a word, entered it through the right rear door. Aviles told the defendant that he was on his way to a fare and that the defendant would have to wait. The defendant told him he could not wait and brandished a handgun, which he pushed into Aviles' back. The defendant instructed Aviles to drive, which he did. Aviles adjusted the rearview mirror in order to see the handgun. He later described the handgun as black, flat and four to five inches long.

The defendant directed Aviles to the driveway of a house in Seymour. The defendant grabbed two rolls of money that were in his lap and put the handgun in his pocket. He got out of the taxicab and threw four $100 bills at Aviles. Aviles quickly left the driveway and called the police. Police officers apprehended the defendant at the house where Aviles had left him. They also took Aviles to the house where he identified the defendant.

In addition, the police found seven $100 dollar bills in the defendant's possession. The police, however, were unable to find the handgun, when they conducted a less than exhaustive search of the premises.

The defendant is the registered owner of three firearms: a Raven Arms MP25 .25 caliber pistol (Raven Arms), an Ivor Johnson TP22 .22 caliber pistol (Ivor Johnson) and a Charter Arms Undercover .38 caliber pistol (Charter Arms). The defendant told the Seymour police that the Woodbridge police had taken all three pistols in October, 1989, and that he no longer owned any weapons. The records of the Woodbridge police department, however, indicate that only the Charter Arms pistol was seized from the defendant. Furthermore, there is no evidence that the defendant had sold the Raven Arms or Ivor Johnson pistols.

Later that day, the defendant secured release from police custody through an appearance bond. The bail bondsman reviewed the terms of the release with the defendant, who signed a form promising to appear in court on October 9, 2002. Nonetheless, the defendant failed to appear as promised, and an arrest warrant was issued for him.

## I

The defendant first claims that the court abused its discretion by admitting into evidence, for the purpose of comparison, photographs of a Raven Arms pistol and an Ivor Johnson pistol, the types of weapons registered in the defendant's name at the time of the incident. We do not agree.

"The trial court's ruling on the admissibility of evidence is entitled to great deference. . . . [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a show-

ing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion." (Internal quotation marks omitted.) *State* v. *Kelly*, 256 Conn. 23, 53, 770 A.2d 908 (2001).

To allow photographs into evidence, the court need only determine that the photographs have a logical tendency to aid the trier in determining a material issue and that they are more probative than prejudicial. See, e.g., *State* v. *Coltherst*, 263 Conn. 478, 521, 820 A.2d 1024 (2003). "Evidence is not rendered inadmissible because it is not conclusive." (Internal quotation marks omitted.) Id. "All that is required is that the evidence *tend* to support a relevant fact even to a slight degree, so long as it is not prejudicial or merely cumulative." (Emphasis in original; internal quotation marks omitted.) *State* v. *DeCaro*, 252 Conn. 229, 257, 745 A.2d 800 (2000).

The photographs at issue were not offered to depict the handgun allegedly used by the defendant, but rather to allow the jury to determine whether the weapons in the photographs were consistent with the type of weapon described by Aviles. This purpose was made known to the jury by the court, which gave the jury a limiting instruction on the use of the photographs when they were placed in evidence.[1]

With the limiting instruction in mind, it is not likely that the photographs of the pistols had an unduly preju-

---

[1] The court stated: "[L]adies and gentlemen of the jury, I just want to note that the photo that is being offered is not being offered as a picture of the alleged gun actually used in connection with the alleged incident. So, you need to keep that in mind. But, rather, the photo is being offered only as it is consistent with the description that Mr. Aviles gave regarding the kind of gun the defendant allegedly possessed on the day of the alleged incident and consistent with the types of guns that were registered to the defendant on the day of the alleged incident. You are to consider this only as to consistency, consistency with respect to the type of handgun registered to the defendant."

dicial effect on the jury. "The jury [is] presumed to follow the court's directions in the absence of a clear indication to the contrary." (Internal quotation marks omitted.) *State* v. *Fields*, 265 Conn. 184, 207, 827 A.2d 690 (2003). Thus, it was not an abuse of discretion for the court to admit the photographs into evidence.

## II

The defendant's second claim concerns the court's instructions to the jury. He claims that the court (1) improperly charged the jury with respect to consciousness of guilt evidence and (2) deprived him of a fair trial by failing to give a limiting instruction with respect to evidence of his prior felony conviction. We decline to review these unpreserved claims.

Practice Book § 42-16 provides in relevant part: "An appellate court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking the exception shall state distinctly the matter objected to and the ground of exception. . . ." The defendant failed to comply with Practice Book § 42-16 at trial.

## A

The defendant maintains that the court improperly instructed the jury regarding consciousness of guilt on the basis of his having failed to appear in court on October 9, 2002. Although defense counsel objected to the instruction as given, he merely stated that the instruction "somehow dilute[d] the state's burden of proof . . . ." On appeal, the defendant no longer claims that the instruction diluted the state's burden of proof, but that the instruction was an incomplete and misleading statement of the law. He therefore seeks review

pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). We have often said that a litigant may not pursue one strategy at trial and seek to overturn an adverse result on appeal by taking a different strategic path. See *State* v. *Davis*, 76 Conn. App. 653, 662, 820 A.2d 1122 (2003). Furthermore, the defendant's claim is not entitled to *Golding* review because it is not of constitutional magnitude. See *State* v. *Turner*, 67 Conn. App. 519, 527, 787 A.2d 625 (2002) (consciousness of guilt issues are not constitutional).

## B

The defendant also claims that the court deprived him of a fair trial by failing to give a limiting instruction with respect to the evidentiary stipulation that he had a prior felony conviction. He argues that after the jury was informed that he previously had been convicted of a felony for the purpose of satisfying an element of the crime of criminal possession of a pistol or revolver, the court should have instructed the jury that the felony conviction was not to be considered as evidence in determining the defendant's guilt or innocence on the substantive offenses.[2]

---

[2] The court instructed the jury prior to the commencement of evidence, in part, as follows: "Now, each charge against the defendant is set forth in the information in a separate paragraph or count, and each offense charged must be considered separately by you in deciding the guilt of the defendant. If you conclude the defendant is guilty of one particular count, you cannot conclude that because he is guilty of one count there would be culpability in the remaining counts. That would be a violation of your duties as jurors."

With respect to the factual stipulation, the court instructed the jury: "[L]adies and gentlemen of the jury, I am going to ask you to bear in mind that with respect to the second count of the information, criminal possession of a pistol or revolver, I want you to keep in mind that with respect to the second element of that charge, the parties stipulated that on August 14, 1991, the defendant was convicted of a felony, and, therefore, during your deliberations, you must consider this fact as proven, since the parties stipulated to this fact."

During its final charge, the court instructed the jury in part: "Now, please keep in mind that if you find the defendant guilty of one particular count, you cannot then conclude that because he's guilty of one count, then there must be culpability in the remaining counts. That would be a violation of your duties and obligations as jurors.

The defendant failed to object to the court's instruction or to request a supplemental instruction and now seeks review under *State* v. *Golding,* supra, 213 Conn. 239–40. To satisfy the second prong of *Golding* and to obtain appellate review, the defendant must demonstrate that his claim is of a constitutional nature. "Just as every claim of evidentiary error by the trial court is not truly constitutional in nature . . . every claim of instructional error is not truly constitutional in nature." (Citation omitted.) *State* v. *Walton,* 227 Conn. 32, 64, 630 A.2d 990 (1993). The defendant has not demon-

* * *

"Now, in the second count of the information, the defendant is charged with the crime of criminal possession of a pistol or revolver. This count of the information reads as follows: 'And the attorney aforesaid further accuses [the defendant] of criminal possession of a pistol or revolver, and charges that at the city of New Haven on or about the first day of October, 2002, at approximately 9:45 a.m., in the area of the intersection of Amity Road and Whalley Avenue the [defendant] possessed a pistol or revolver and has been previously convicted of a felony said conduct being in violation of § 53a-217c (a) (1) of the Connecticut General Statutes. The statute provides, in relevant part, that a person is guilty of criminal possession of a pistol or revolver when such person possesses a pistol or revolver as defined in section 29-27 and has been convicted of a felony. For you to find the defendant guilty of this charge, the state must prove the following elements beyond a reasonable doubt: (1) that the defendant possessed a pistol or revolver and (2) that at the time he possessed it, the defendant had previously been convicted of a felony. I remind you to keep in mind that with respect to the second element of this charge, the parties have stipulated that on August 14, 1991, the defendant . . . was convicted of a felony. Therefore, during your deliberations, you must consider this fact as proven, since the parties have stipulated to this fact.

* * *

"Now, in conclusion, I impress upon you that you are duty bound as jurors to apply the law as I have outlined it, to determine the facts on the basis of the evidence as it has been presented and then to render a verdict of guilty or not guilty as to each count. Keep in mind that each charge against the defendant is set forth in the information in a separate paragraph or count, and each offense charged must be considered separately by you in deciding the guilt or nonguilt of the defendant. If you conclude that the defendant is guilty of one particular count, you cannot then conclude that because he's guilty of one count, then there must be culpability in the remaining counts. That would be a violation of your duties and obligations as jurors. . . ."

strated that a court's failure to give a cautionary instruction with respect to an element of proof is of constitutional magnitude. The defendant has relied instead on federal case law concerning the issue of severance of multiple charges. Whether multiple charges should be tried separately is within the court's sound discretion and generally is not of a constitutional nature. *State* v. *Berube*, 256 Conn. 742, 749 n.7, 775 A.2d 966 (2001).

The stipulated evidence satisfied an element of the crime of criminal possession of a pistol or revolver. The defendant does not deny that without the stipulation, the state would not have been able to prove its case. See *State* v. *Joyce*, 45 Conn. App. 390, 405, 696 A.2d 993 (1997), appeal dismissed, 248 Conn. 669, 728 A.2d 1096 (1999). Furthermore, the admission of prior felony convictions for credibility purposes is an evidentiary matter, not a constitutional one. *State* v. *Jefferson*, 67 Conn. App. 249, 265 n.10, 786 A.2d 1189 (2001), cert. denied, 259 Conn. 918, 791 A.2d 566 (2002). A trial court's failure to refer the jury to the essential facts surrounding the jury instruction regarding use of a witness' prior felony conviction is not of constitutional magnitude. *State* v. *Theriault*, 38 Conn. App. 815, 823, 663 A.2d 423 (prior conviction admitted for credibility purposes), cert. denied, 235 Conn. 922, 666 A.2d 1188 (1995), citing *State* v. *Walton*, supra, 227 Conn. 64–65; see also *State* v. *Ortiz*, 40 Conn. App. 374, 381, 671 A.2d 389 (failure to give limiting instruction concerning use of evidence of prior misconduct is not of constitutional magnitude), cert. denied, 236 Conn. 916, 673 A.2d 1144 (1996). We also are aware of decisions of our Supreme Court in which the court concluded that the trial court's failure to give a cautionary instruction with respect to certain evidence was not reviewable on appeal. See, e.g., *State* v. *Jasper*, 200 Conn. 30, 35 n.2, 508 A.2d 1387 (1986) (failure to give cautionary instruction on use of

prior inconsistent statement not exceptional circumstance under *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 [1973]); *State* v. *Boucino*, 199 Conn. 207, 226, 506 A.2d 125 (1986) (failure to request cautionary instruction regarding item marked for identification but omitted from evidence).

For the foregoing reasons, we decline to review the defendant's claims that the court improperly instructed the jury.

The judgment is affirmed.

In this opinion the other judges concurred.