STATE OF CONNECTICUT *v.* JUSTIN M. PACELLI
(AC 33266)

DiPentima, C. J., and Bear and Schaller, Js.

Argued October 12—officially released December 6, 2011

*John R. Williams*, for the appellant (defendant).

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *Kevin D. Lawlor*, state's attorney, and *Maria E. Sous*, assistant state's attorney, for the appellee (state).

### Opinion

BEAR, J. The defendant, Justin M. Pacelli, appeals from the judgment of the trial court denying his motion for return of seized property. The defendant claims that the court deprived him of his rights under the state and federal constitutions in arbitrarily refusing to return his

property to him. Because the defendant did not preserve his constitutional claims at trial or in his main brief affirmatively assert his entitlement to appellate review pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), we are unable to review his appeal.

The following facts and procedural history are relevant to this appeal. The defendant was arrested on June 19, 2010, and subsequently charged with disorderly conduct in violation of General Statutes § 53a-182 and threatening in the second degree in violation of General Statutes § 53a-62. The charges stemmed from a domestic violence complaint. A number of firearms, including a Kel-Tec .380 caliber pistol and a Saiga-12 shotgun, were seized from the defendant's residence at that time. The defendant possessed a Connecticut pistol permit, which subsequently was surrendered to the department of public safety. In addition, a protective order was issued, along with a restraining order.

On November 23, 2010, after the defendant successfully had completed family violence counseling, the state nolled both charges. On February 3, 2011, the restraining order against the defendant expired. On February 10, 2011, the defendant's pistol permit was returned to him. On February 23, 2011, the defendant, citing General Statutes § 54-36a, filed a motion for return of the Kel-Tec .380 caliber pistol and the Saiga-12 shotgun. On March 4, 2011, after hearing argument, the court denied the motion. This appeal followed.

On appeal, the defendant claims that the court erred in denying his motion for return of seized property. Specifically, the defendant claims that the court deprived him "of rights secured to him by the constitution of the United States, the constitution of the state of Connecticut, and the Connecticut General Statutes when it arbitrarily refused to return his lawful property to him." The defendant argues that he has a right to own

firearms pursuant to the state and federal constitutions, subject only to reasonable state regulation. The defendant contends that the court's refusal to return his property was not authorized by any Connecticut statute or regulation and, furthermore, that its decision was arbitrary, "based solely on its personal value judgments respecting firearms."

The state argues that the defendant's claims are unreviewable because they were not raised before the trial court and, therefore, are unpreserved. Furthermore, the state contends that the defendant has failed to establish his entitlement to review of his constitutional claims under *State* v. *Golding*, supra, 213 Conn. 233, because he failed to request *Golding* review in his main brief. The defendant concedes that his present claims were not raised before the trial court. Accordingly, we confine our analysis to whether he is entitled to review of his claims pursuant to *Golding*.

"It is a bedrock principle of appellate jurisprudence that, generally, claims of error not raised before the trial court will not be considered by a reviewing court. The principle is rooted in considerations of fairness as well as judicial economy." *State* v. *Elson*, 125 Conn. App. 328, 340–41, 9 A.3d 731 (2010) (en banc), cert. granted, 300 Conn. 904, 12 A.3d 572 (2011). Nonetheless, "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free,

therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." *State* v. *Golding*, supra, 213 Conn. 239–40.

"[A]s a prerequisite to *Golding* review, a party must affirmatively request review pursuant to *Golding* in its main brief." *State* v. *Elson*, supra, 125 Conn. App. 346. In *Elson*, we defined "an affirmative request for review pursuant to *Golding* as nothing less than an explicit assertion and analysis in a party's main brief that explains that, if the reviewing court deems a particular claim to be unpreserved, that claim nonetheless is reviewable on appeal because the record is adequate to review the claim and it is a claim of constitutional magnitude." Id., 354–55. "It is inappropriate for a party to request review under *Golding* for the first time in its reply brief. See, e.g., *Lebron* v. *Commissioner of Correction*, [274 Conn. 507, 532, 876 A.2d 1178 (2005)] (declining to review claim under *Golding* when request appears for first time in reply brief); *State* v. *Garvin*, 242 Conn. 296, 312, 699 A.2d 921 (1997) ('[t]he reply brief is not the proper vehicle in which to provide this court with the basis for our review under an *Evans-Golding* analysis' . . .); *State* v. *Rosario*, 113 Conn. App. 79, 93, 966 A.2d 249 (declining to review claim under *Golding* because request for such review made for first time in reply brief), cert. denied, 291 Conn. 912, 969 A.2d 176 (2009); *State* v. *Spiegelmann*, 81 Conn. App. 441, 447, 840 A.2d 69 (same), cert. denied, 268 Conn. 921, 846 A.2d 882 (2004); *Daniels* v. *Alander*, 75 Conn. App. 864, 882–83, 818 A.2d 106 (2003) (same), aff'd, 268 Conn. 320, 844 A.2d 182 (2004); *State* v. *Wright*, 62 Conn. App. 743, 756, 774 A.2d 1015 (same), cert. denied, 256 Conn. 919, 774 A.2d 142 (2001); *State* v. *Rodriguez*, 60 Conn. App. 398, 399 n.1, 759 A.2d 123 (2000) (same), cert. denied, 255 Conn. 928, 767 A.2d 103 (2001); *State* v. *Jones*, 34 Conn. App. 807, 815, 644

A.2d 355 (same), cert. denied, 231 Conn. 909, 648 A.2d 158 (1994)." *State* v. *Elson*, supra, 125 Conn. App. 347–48.

In the present matter, in his reply brief the defendant for the first time explicitly states that his claims satisfy the requirements for review pursuant to *Golding*. The defendant's main brief, however, is devoid of any reference to *Golding*, fails to request an extraordinary level of review, fails to address the adequacy of the record and fails to address the reviewability of his claim. Rather, the defendant's main brief analyzes the merits of his claims under both the federal and state constitutions as though they were preserved properly. See id., 356 (declining review under *Golding* where main brief failed to address reviewability of claim).

The defendant's invocation of *Golding* in his reply brief is unavailing. See id.; see also *Lebron* v. *Commissioner of Correction*, supra, 274 Conn. 532; *State* v. *Rosario*, supra, 113 Conn. App. 93. Moreover, to the extent that the defendant raises an argument with respect to the General Statutes, it is solely in connection with his constitutional claims and it is not raised as an independent basis for appeal.[1]

The defendant has failed to properly request review of his unpreserved constitutional claims pursuant to *Golding* in his main brief. Accordingly, as we are bound by the precedents of this court and of the Supreme Court, including its very recent holding in *Bennett* v. *New Milford Hospital, Inc.*, 300 Conn. 1, 32, 12 A.3d 865 (2011) ("the plaintiff's request, made for the first time in his reply brief, runs afoul of the well settled

---

[1] Specifically, the defendant argues that the only limitations Connecticut places on ownership of firearms are those codified in General Statutes § 53a-217c, which the defendant contends is inapplicable to the present matter. In addition, the defendant argues that General Statutes § 29-38c is inapplicable to the present matter.

rule that a party may not seek *Golding* review for the first time in a reply brief"), we are unable to review his unpreserved claims.

The judgment is affirmed.

In this opinion the other judges concurred.