STATE OF CONNECTICUT *v.* RICHARD A. KOSLIK
(AC 29966)

DiPentima, C. J., and Lavine and Robinson, Js.

Argued May 15—officially released September 4, 2012

*Alan Jay Black*, with whom, on the brief, was *Richard A. Koslik*, pro se, for the appellant (defendant).

*Joseph Rubin*, associate attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The defendant, Richard A. Koslik, appeals from the judgment of conviction, rendered after a jury trial, of two counts of offering to make home improvements without having a current certificate of registration and one count of making home improvements without having a current certificate of registration in violation of General Statutes § 20-427 (b) (5).[1] On appeal, the defendant claims that the court erred in its various instructions to the jury.[2] We affirm the judgment of the trial court.[3]

---

[1] General Statutes § 20-427 (b) (5) provides that no person shall "offer to make or make any home improvement without having a current certificate of registration under this chapter . . . ."

[2] The defendant also claims that § 20-427 (b) (5) is unconstitutionally vague as applied to him. We do not address this claim because the defendant did not assert this claim before the trial court, and the defendant only requested review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), in his reply brief. See *State* v. *Pacelli*, 132 Conn. App. 408, 411–13, 31 A.3d 891 (2011).

[3] In reaching this conclusion, we recognize that the defendant's brief was written by the defendant as a self-represented party, and not by attorney Alan Jay Black, who signed the defendant's reply brief and represented the defendant at oral argument before this court.

The jury reasonably could have found the following facts. In March, 2006, Nanci Harvey attended a home show in Enfield for the purpose of meeting home improvement contractors. At the home show, Harvey met the defendant and discussed with him various improvements to her kitchen that she wanted to make. The defendant gave Harvey a business card with the names "Custom Fabrication," "JT Home Improvement," two separate addresses, one phone number and the designation "CT REG # 608021." Subsequently, the defendant telephoned Harvey to schedule an appointment to view her kitchen. Harvey told the defendant that she wanted to install granite countertops, tile flooring in the kitchen and a tile back splash, and that she wanted no cabinets. The defendant informed Harvey that the work would cost approximately $11,000. The defendant later presented Harvey with two contracts. The first contract, entitled "Retail Sales Contract" under the name "Custom Fabrication," was for materials, totaling $8925. The second contract, entitled "Installation Contract," under the name "J. T. Home Improvement," was for installation costs, totaling $2000. Both contracts included the addresses and phone number that were listed on the business card that the defendant had given to Harvey. The defendant had signed the retail sales contract in his own name, but the installation contract bore the signature "Joe E. Thomas."[4]

In July and August, 2006, the defendant removed countertops, installed the kitchen sink and faucet, installed a garden window and installed flooring for Harvey. Harvey believed that the defendant was her contractor. At some point, Harvey became dissatisfied with the work that was done, and she filed a claim for damages with the department of consumer protection

---

[4] The record indicates that Joe Thomas is an owner, with his wife, Deborah Haugabook, of J. T. Home Improvement.

(department).[5] According to James Turner, a supervisor for the food and standards division of the department, the defendant had not held a home improvement contractor's registration or home improvement salesperson's registration at any time from January 1, 2000, to the time of trial. In 2007, the defendant was arrested. He subsequently was brought to trial in 2008, and the jury returned a guilty verdict as to two counts of offering to make home improvements without having a current certificate of registration and one count of making home improvements without having a current certificate of registration in violation of § 20-427 (b) (5). This appeal followed.

On appeal, the defendant claims that the court erred in various instructions to the jury. Specifically, the defendant argues that the court (1) failed to instruct the jury that, because he was a subcontractor or working under a contractor,[6] he was entitled to a "subcontractor defense"[7] and (2) erred in charging that

---

[5] The respondent contractor in the action before the department was Deborah Haugabook doing business as J. T. Home Improvement, the contractor whose registration number appeared on all of the documents given to Harvey.

[6] The defendant also claims that the court (1) failed to charge the jury that if Harvey had agreed to the work that was offered with J. T. Home Improvement as the contractor, he must be found not guilty, (2) failed to charge the jury that if the defendant did not agree to work with Harvey as a contractor, he must be found not guilty, (3) erred in instructing the jury that an unregistered salesman can violate § 20-427 (b) (5), and (4) erred in charging the jury that it is not a defense that the defendant may have used the registration of a different individual or was acting on behalf of a registered contractor or salesman. We do not address these arguments because our analysis rejecting the defendant's claim that he is entitled to a "subcontractor defense" disposes of these claims.

[7] The defendant also claims that the court (1) erred in failing to instruct the jury that "if what he offered is not a home improvement, if it is not an agreement for work between the contractor and owner, then he must be found not guilty," (2) failed to instruct the jury that his alleged conduct is not a § 20-427 (b) (5) violation and (3) failed to instruct the jury that retail sales contracts are exempt from liability.

We do not address these claims because they are inadequately briefed. "It is well settled that [w]e are not required to review claims that are

"installing a kitchen sink and garden window was making home improvements." We disagree.

We first set forth the applicable standard of review. "When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *State* v. *Turner*, 67 Conn. App. 519, 522, 787 A.2d 625 (2002).

The defendant's claims raise issues of statutory construction over which our review is plenary. "[O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning . . . [General Statutes] § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining

---

inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must *clearly and fully* set forth their arguments in their briefs." (Emphasis added; internal quotation marks omitted.) *Nowacki* v. *Nowacki*, 129 Conn. App. 157, 163–64, 20 A.3d 702 (2011). The defendant's brief makes conclusory assertions without analysis in support of these claims.

such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . ." (Internal quotation marks omitted.) *State* v. *Orr*, 291 Conn. 642, 651, 969 A.2d 750 (2009).

We begin with the language of the relevant statute. Section 20-427 (b) (5) provides that *no person* shall "offer to make or make any home improvement without having a current certificate of registration under this chapter . . . ." The defendant argues that the court should have instructed the jury that if he did not make an offer to make home improvements *as a contractor*, he should be found not guilty. The plain language of § 20-427, however, provides that no *person* shall offer to make home improvements without having a current certificate of registration.[8] "[I]t is axiomatic that those who promulgate statutes . . . do not intend to promulgate statutes . . . that lead to absurd consequences or bizarre results. . . . Consequently, [i]n construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Courchesne*, 296 Conn. 622,

---

[8] The defendant argues that the court failed to charge the jury that the state must prove that the defendant was "required to be registered" on the dates alleged and if not, he must be found not guilty. While it is not altogether clear, the defendant appears to claim that the state was required to put forth evidence explaining why the defendant was required to be registered on the dates when he allegedly offered to make or made home improvements for Harvey. This argument merits no discussion and, accordingly, we reject it.

710, 998 A.2d 1 (2010). In light of the plain language of the statute, therefore, we reject the defendant's argument that the court should have instructed the jury that he must have offered to make or make home improvements "as a contractor" in order to be found guilty.

The defendant argues that *Meadows* v. *Higgins*, 249 Conn. 155, 733 A.2d 172 (1999), exempts him from liability as a subcontractor. Even were we to assume that the defendant was acting as a subcontractor, *Meadows* is inapposite. *Meadows* involved a civil appeal from a judgment ordering the strict foreclosure of a mechanic's lien. Id., 157. Moreover, in *Meadows* our Supreme Court construed General Statutes § 20-429 (a), a provision of the Home Improvement Act (act), which provides in part that "[n]o home improvement contract shall be valid or enforceable against an owner unless it . . . (8) is entered into by a registered salesman or registered contractor . . . ." The court concluded that liability under § 20-429 (a) did not extend to subcontractors. *Meadows* v. *Higgins*, supra, 166. Our Supreme Court agreed with this court's reasoning that because "salesmen" were included in the registration requirement of General Statutes § 20-420, it was "reasonable to assume that if the legislature had intended to include subcontractors within the registration requirement of the [act], it would have listed them as affected parties in § 20-420." (Internal quotation marks omitted.) Id., 165. Sections 20-420 and 20-429 (a) are not at issue in this case. Here, § 20-427 (b) (5) explicitly states *no person* shall offer to make or make home improvements without having a certificate of registration, and there is no language in this provision limiting its applicability to contractors.[9]

---

[9] The defendant also argues that the court improperly instructed the jury that there is no requirement that the defendant make an offer in writing to be liable under § 20-427. Although the defendant's analysis of this issue is brief, we note that the plain language of § 20-427 (b) (5) does not require a *written* offer to make home improvements. The defendant cites § 20-429 in support of his argument, but that provision concerns only the enforceabil-

Finally, the defendant argues that the court erred in charging that installing a kitchen sink and garden window was making home improvements. The defendant, citing *Meadows*, claims that § 20-427 does not apply "to an unregistered person who performs installation work." The court, in rejecting this claim at trial, stated that making home improvements *does mean* the "performance of work." Moreover, the plain meaning of "make any home improvement" under § 20-427 (b) (5) supports the court's conclusion.

The court instructed the jury that, under General Statutes § 20-419 (4), "home improvement" includes, but is not limited to, "repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of or addition to *any land or building or that portion thereof which is used or designed to be used as a private residence, dwelling place, or residential property* or the construction, replacement, installation or improvement of driveways, swimming pools, porches, garages, roofs, siding, [insulation], solar energy systems, flooring, patios, landscaping, fences, doors and windows, and waterproofing in connection with such land or building or that portion thereof which is used or designed to be used as a private residence, dwelling place, or residential property in which the total cash price for all work agreed upon between the contractor and owner exceeds $200." (Emphasis added.) The court's instructions were correct in law, adapted to the issues and sufficient for the guidance of the jury.

The judgment is affirmed.

In this opinion the other judges concurred.

ity of home improvement contracts between owners and *contractors*. Here, "[t]he existence of a home improvement contract was not an essential element of . . . the crimes with which the defendant stood charged." See *State* v. *Koslik*, 80 Conn. App. 746, 763, 837 A.2d 813, cert. denied, 268 Conn. 908, 845 A.2d 413 (2004).