## STATE OF CONNECTICUT *v.* RAYMOND BRIDGES
## (AC 19589)

Mihalakos, Flynn and Daly, Js.

Argued May 1—officially released September 11, 2001

*Damon A. R. Kirschbaum*, for the appellant (defendant).

*Ronald G. Weller*, assistant state's attorney, with whom, on the brief, were *Mary M. Galvin*, state's attorney, and *Michael J. Weber, Jr.*, senior assistant state's attorney, for the appellee (state).

DALY, J. The defendant, Raymond Bridges, appeals from the judgment of conviction, rendered after a jury trial, of burglary in the third degree in violation of General Statutes § 53a-103[1] and larceny in the third degree in violation of General Statutes § 53a-124.[2] The defendant claims that the trial court (1) improperly excluded the testimony of his investigator concerning the accessibility of the area where the defendant's fingerprint was found and (2) deprived the defendant of his constitutional right to present a defense. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. In October, 1993, Ann DeFilippo owned and operated the Lighthouse Book and Gift Shop (shop) located at 188 New Haven Avenue in Milford. The shop's retail area, which sells, among other things, religious books, gifts, cards, compact discs and cassettes, is on the first floor of a two story residential building. The retail area is accessed by entering the building through the front door and turning right through an open door into a room where the shop's merchandise is displayed. The second floor consists of an office, a kitchen, a storage room and a bridal room. To access the second floor, a person would enter through the front door, walk past the retail area to the banister, turn right and walk upstairs. There is a sliding door at the top of the stairs

---

[1] General Statutes § 53a-103 (a) provides: "A person is guilty of burglary in the third degree when he enters or remains unlawfully in a building with intent to commit a crime therein."

[2] General Statutes § 53a-124 (a) provides in relevant part: "A person is guilty of larceny in the third degree when he commits larceny, as defined in section 53a-119, and . . . (2) the value of the property or service exceeds one thousand dollars . . . ."

General Statutes § 53a-119 provides in relevant part: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ."

that is usually kept closed. The second floor is not open to the general public, except for the bridal area, which is open to the public only by appointment and when a shop escort is present.

On Monday morning, October 4, 1993, Officer Robert Nash of the Milford police department was dispatched to the shop to investigate a reported burglary. When Nash arrived, DeFilippo reported to him that she had closed the shop at 5:30 p.m. on Saturday, October 2, and had not returned until she came to open it Monday morning. Upon investigation of the first floor, Nash observed that the shop's rear door had been forcibly opened and that various items were scattered on the floor near the cash register. On the second floor, Nash noticed that in the office area desk drawers had been pulled out, two stereo equipment boxes had been opened and a Plexiglas shelf was on a chair. A compact disc player and a stereo receiver were missing from the open boxes. Several compact discs, watches and rings were also missing from the shop. In total, approximately $2000 in merchandise was missing.

Detective Raymond Smith of the Milford police department arrived to process the crime scene. He asked DeFilippo to show him everything that had been disturbed in the shop. DeFilippo brought Smith to the office on the second floor and showed him the Plexiglas shelf on the chair. She explained that she had placed the shelf on top of the stereo equipment boxes before closing the shop on Saturday and that, during the burglary, it had been moved to the chair to gain access to the boxes. Smith dusted the Plexiglas shelf for latent fingerprints, and the defendant's fingerprint was found. The defendant was subsequently arrested and charged with burglary in the third degree and larceny in the third degree.

At trial, the defendant sought to present the testimony of his investigator, Tom Candia, to contradict DeFil-

ippo's testimony concerning the accessibility of the area where the defendant's fingerprints were found, namely, that the door to the first floor retail area was kept open, the second floor sliding door was usually kept closed and a person could not access the second floor without being noticed by shop personnel. In an offer of proof outside the presence of the jury, Candia testified that in late December, 1993, or early January, 1994, he went to the shop to view the crime scene. Candia testified that he entered the shop, noticed that the door to the first floor retail area was closed and proceeded to walk upstairs to the second floor where he found the sliding door open. Candia further testified that upon reaching the top of the stairs, he immediately returned to the first floor to obtain Defilippo's permission to view the crime scene.

After hearing argument on the issue of admissibility, the court granted the state's motion in limine and excluded Candia's testimony on the grounds that (1) the circumstances that existed when Candia visited the shop in late December, 1993, or early January, 1994, were irrelevant with respect to the circumstances that existed in early October, 1993, and (2) the testimony did not indicate that the second floor was generally accessible to the public. The jury found the defendant guilty on April 8, 1994, and no direct appeal was taken from the judgment. The defendant filed a petition for a writ of habeas corpus, seeking to have his appellate rights restored. On April 30, 1999, the habeas court, pursuant to a stipulation between the parties, restored the defendant's appellate rights. This appeal followed.

I

The defendant first claims that the court improperly excluded the testimony of his investigator, Candia, concerning the accessibility of the area where the defendant's fingerprint was found. We disagree.

Our analysis begins with the appropriate standard of review. "Our standard of review for evidentiary matters allows the trial court great leeway in deciding the admissibility of evidence. The trial court has wide discretion in its rulings on evidence and its rulings will be reversed only if the court has abused its discretion or an injustice appears to have been done. . . . The exercise of such discretion is not to be disturbed unless it has been abused or the error is clear and involves a misconception of the law." (Internal quotation marks omitted.) *Bunting* v. *Bunting*, 60 Conn. App. 665, 670, 760 A.2d 989 (2000). "Every reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion." (Internal quotation marks omitted.) *State* v. *Provost*, 251 Conn. 252, 257, 741 A.2d 295 (1999), cert. denied, 531 U.S. 822, 121 S. Ct. 65, 148 L. Ed. 2d 30 (2000); see also 1 B. Holden & J. Daly, Connecticut Evidence (2d Ed. 1988) § 35, p. 159.

In the present case, the only evidence connecting the defendant to the crimes charged was a single fingerprint found on a Plexiglas shelf in the second floor office area. "[A] conviction may not stand on fingerprint evidence alone unless the prints were found under such circumstances that they could only have been impressed at the time the crime was perpetrated. . . . [W]here a conviction rests solely on fingerprint evidence, the proof must demonstrate not only that at some time the defendant . . . touched objects found at the scene of the crime, but also that the objects were generally inaccessible to the defendant . . . and that therefore the objects were probably touched during the commission of the crime." (Citations omitted; internal quotation marks omitted.) *State* v. *Coleman*, 35 Conn. App. 279, 294, 646 A.2d 213, cert. denied, 231 Conn. 928, 648 A.2d 879 (1994).

The defendant argues that the court should have permitted him to present Candia's testimony to put into dispute whether the fingerprint was made at the time of the crime and whether the office area where the fingerprint was found was generally inaccessible to the defendant. "Testimony of conditions after the happening of an event is relevant to show conditions at the time of the event if the conditions are of such a permanent character that a lapse of time would not make a material difference." (Internal quotation marks omitted.) *Spoto* v. *Hayward Mfg. Co.*, 2 Conn. App. 663, 671, 482 A.2d 91 (1984). "[W]here the situation is transitory in nature, such evidence should not be admitted without proof . . . of the similarity of conditions." (Internal quotation marks omitted.) *Johnson* v. *Newell*, 160 Conn. 269, 276, 278 A.2d 776 (1971). "The trial court has broad discretion to determine both the relevancy and remoteness of evidence." (Internal quotation marks omitted.) *Potter* v. *Chicago Pneumatic Tool Co.*, 241 Conn. 199, 264, 694 A.2d 1319 (1997).

The accessibility of the shop's second floor is transitory in nature because, under the facts of this case, the positioning of shop fixtures, such as whether the door to the retail area is open, are temporary conditions that are readily subject to change. Therefore, to establish the relevance of Candia's testimony, it was incumbent on the defendant to make a preliminary showing that the conditions that existed when Candia visited the shop in late December, 1993, or early January, 1994, were sufficiently similar to the conditions that existed in early October, 1993. See *Johnson* v. *Newell*, supra, 160 Conn. 276; see also *State* v. *Cintron*, 39 Conn. App. 110, 117, 665 A.2d 95 (1995).

In the present case, the defendant failed to establish a foundation for the relevance of Candia's testimony. As the court noted, "[T]here's nothing in the record, nothing was asked of [DeFilippo] whether or not as the

weather gets colder, they do something different with the doors. . . . [S]he wasn't asked—she gave—indicated what the situation was [in early October], and it might be easier for me to deal with that aspect of the thing if there had been some questions, specifically—was that, in fact, your practice in December [and] January? There's just nothing . . . to support that . . . the circumstances that existed on October 4 were the same circumstances that existed in late December or early January." Absent a proper foundation, Candia's testimony concerning the position of fixtures and the accessibility of the second floor when he visited the shop in late December, 1993, or early January, 1994, is too remote and irrelevant with respect to the conditions that existed in early October, 1993.[3]

In addition, Candia's testimony is not relevant as to whether the office area where the defendant's fingerprint was found was generally accessible to the defendant. An area is not generally accessible simply because there is a remote possibility that a person may access that area. See *State* v. *Thorpe*, 188 Conn. 645, 649, 453 A.2d 88 (1982); see also *State* v. *Coleman*, 42 Conn. App. 78, 84, 679 A.2d 950 (1996), rev'd on other grounds, 241 Conn. 784, 699 A.2d 91 (1997). The fact that on one occasion in late December, 1993, or early January, 1994, Candia managed to access the shop's second floor unnoticed does not tend to support the conclusion that the office area was generally accessible to the defendant. This is especially true in light of the fact that the defendant presented no evidence that he ever had been on the premises. We therefore conclude that the court did not abuse its discretion in excluding Candia's testimony.

---

[3] "Evidence is irrelevant or too remote if there is such a want of open and visible connection between the evidentiary and principal facts that, all things considered, the former is not worthy or safe to be admitted in the proof of the latter." (Internal quotation marks omitted.) *State* v. *Turner*, 62 Conn. App. 376, 384, 771 A.2d 206 (2001).

## II

In addition to his evidentiary claim, the defendant also claims that by excluding Candia's testimony, the court deprived him of his right to present a defense in violation of the sixth and fourteenth amendments to the United States constitution. We are not persuaded.

Although the defendant concedes that he did not raise his constitutional claim at trial, he maintains that it is reviewable pursuant to *State* v. *Golding*, 213 Conn 233, 239–40, 567 A.2d 823 (1989).[4] We conclude that the defendant's claim is not reviewable under *Golding* because it is not of constitutional magnitude, and, therefore, it fails to satisfy the second prong of *Golding*.

"The constitutional right to present a defense does not include the right to introduce any and all evidence claimed to support it. . . . The trial court retains the power to rule on the admissibility of evidence pursuant to traditional evidentiary standards." (Citation omitted.) *State* v. *Shabazz*, 246 Conn. 746, 752–53 n.4, 719 A.2d 440 (1998), cert. denied, 525 U.S. 1179, 119 S. Ct. 1116, 143 L. Ed. 2d 111 (1999). "The defendant has no right to present evidence that is not admissible according to the rules of evidence . . . ." *State* v. *Rodriguez*, 60 Conn. App. 398, 404, 759 A.2d 123 (2000), cert. denied, 255 Conn. 928, 767 A.2d 103 (2001). "Relevancy is an evidentiary question and [e]very evidentiary ruling which denies a defendant a line of inquiry to which he thinks he is entitled is not constitutional

[4] Pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.)

error." (Internal quotation marks omitted.) *State* v. *Jenkins*, 56 Conn. App. 450, 455, 743 A.2d 660, cert. denied, 252 Conn. 947, 747 A.2d 523 (2000). We conclude that the defendant's claim is not of constitutional magnitude and we, therefore, decline to review it.

The judgment is affirmed.

In this opinion the other judges concurred.