STATE OF CONNECTICUT *v.* HECTOR L. RODRIGUEZ
(AC 24453)

Dranginis, Gruendel and Foti, Js.

Argued April 18—officially released August 30, 2005

*Daniel Jonah Krisch*, special public defender, with whom were *Erin K. Desmarais*, legal intern, and, on the brief, *Michael S. Taylor*, and *Elizabeth M. Festa*

and *David O. Irving*, legal interns, for the appellant (defendant).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Joseph T. Corradino*, senior assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Hector L. Rodriguez, appeals from the judgments of conviction, rendered after a jury trial, of burglary, attempt to commit burglary, larceny and criminal trespass.[1] On appeal, the defendant claims that (1) the trial court improperly granted the state's motion for joinder of six separate cases against him, (2) the court improperly admitted into evidence a tape recording of a 911 call relating to one of the cases, and (3) the evidence failed to support the conviction of one of the counts of burglary. We affirm the judgments of the trial court.

The defendant was charged in six separate informations in connection with several residential burglaries that occurred in Bridgeport and Fairfield in June and July, 2002. The court, *Damiani, J.*, granted the state's motion for joinder of all charges against the defendant in a single jury trial, which then commenced before the court, *Hauser, J.* After concluding its case-in-chief, the state entered a nolle prosequi as to the charges in the second information.

---

[1] Specifically, the defendant was convicted of two counts of burglary in the second degree in violation of General Statutes § 53a-102 (a), one count of attempt to commit burglary in the second degree in violation of General Statutes §§ 53a-49 and 53a-102 (a), one count of burglary in the third degree in violation of General Statutes § 53a-103, one count of larceny in the third degree in violation of General Statutes §§ 53a-119 and 53a-124 (a) (1), one count of larceny in the sixth degree in violation of General Statutes §§ 53a-119 and 53a-125b (a), and one count of criminal trespass in the second degree in violation of General Statutes § 53a-108 (a).

After the trial concluded, the jury returned a verdict of not guilty on one count of breach of the peace in the second degree and a verdict of guilty on all the remaining counts of burglary, attempt to commit burglary, larceny and criminal trespass. Judge Hauser later granted the defendant's motion for a judgment of acquittal with respect to one count of burglary in the second degree and entered a finding of guilty of burglary in the third degree. The defendant then pleaded guilty to the part B informations, which charged him with being a persistent serious felony offender pursuant to General Statutes § 53a-40 (c). The defendant also pleaded guilty to violating his probation for a previous conviction of burglary and larceny. Judge Hauser subsequently sentenced the defendant to a total effective term of thirty years incarceration. This appeal followed.

I

The defendant's first claim is that the court improperly granted the state's motion for joinder of all charges against him in a single trial. We disagree.

Judge Damiani determined that all the charges against the defendant could be joined for trial because the defendant had failed to show that he would suffer substantial prejudice. Judge Damiani concluded that the court would be able to issue jury instructions to cure any prejudice that might result. At the commencement of the trial, Judge Hauser instructed the jury that the charges had been joined for trial only for the purpose of judicial efficiency and that the jury was not to make any inferences on the basis of the joinder. Judge Hauser also instructed the jury to consider each of the six cases against the defendant separately and not to allow the evidence of one case to influence its consideration of any of the other cases unless the court instructed it that particular evidence applied to more than one case. Judge Hauser repeated those instruc-

tions numerous times during the trial and specified the particular cases for which the jury could consider each witness' testimony. At the conclusion of the evidence, Judge Hauser reiterated his earlier instructions. The defendant nevertheless argues on appeal that the jury could not have been expected to follow those instructions because (1) the six cases against him were factually similar, (2) the state did not present all the evidence in chronological order and (3) it is contradictory to instruct the jury both to consider each case separately and to apply some evidence to more than one case in certain instances.

We begin with the applicable standard of review. "[B]ecause joinder foster[s] economy and expedition of judicial administration . . . we consistently have recognized a clear presumption in favor of joinder and against severance . . . and, therefore, absent an abuse of discretion, we will not second guess the considered judgment of the trial court as to joinder or severance of two or more charges." (Internal quotation marks omitted.) *State* v. *Cook*, 70 Conn. App. 114, 120, 796 A.2d 1269 (2002), cert. denied, 263 Conn. 922, 822 A.2d 243 (2003). Although we apply a standard of review of abuse of discretion, we are mindful that "an improper joinder may expose a defendant to potential prejudice for three reasons. First, when several charges have been made against the defendant, the jury may consider that a person charged with doing so many things is a bad [person] who must have done something, and may cumulate evidence against him . . . . Second, the jury may have used the evidence of one case to convict the defendant in another case even though that evidence would have been inadmissible at a separate trial. . . . [Third] joinder of cases that are factually similar but legally unconnected . . . present[s] the . . . danger that a defendant will be subjected to the omnipresent risk . . . that although so much [of the evidence] as

would be admissible upon any one of the charges might not [persuade the jury] of the accused's guilt, the sum of it will convince them as to all." (Internal quotation marks omitted.) Id.

To guard against any potential prejudice, the court must exercise its discretion "in a manner consistent with the defendant's right to a fair trial. Consequently, we have identified several factors that a trial court should consider in deciding whether a severance may be necessary to avoid undue prejudice resulting from consolidation of multiple charges for trial. These factors include: (1) whether the charges involve discrete, easily distinguishable factual scenarios; (2) whether the crimes were of a violent nature or concerned brutal or shocking conduct on the defendant's part; and (3) the duration and complexity of the trial. . . . If any or all of these factors are present, [we] must decide whether the trial court's jury instructions cured any prejudice that might have occurred." (Internal quotation marks omitted.) Id., 120–21; see also *State* v. *Boscarino*, 204 Conn. 714, 722–25, 529 A.2d 1260 (1987). The defendant argues that only the first of those factors is at issue in this case, namely, whether the charges involve discrete, easily distinguishable factual scenarios.

Factual scenarios that are discrete and easily distinguishable involve different locations, times and witnesses. See, e.g., *State* v. *Smith*, 88 Conn. App. 275, 279, 869 A.2d 258, cert. denied, 273 Conn. 940, 875 A.2d 45 (2005); *State* v. *Fauci*, 87 Conn. App. 150, 159, 865 A.2d 1191, cert. granted on other grounds, 273 Conn. 921, 871 A.2d 1029 (2005). Presentation of the evidence in an orderly sequence contributes to the distinguishability of the factual scenarios in the charges joined for trial. *State* v. *Smith*, supra, 279. The evidence need not be presented in strictly chronological order, however, as long as the presentation does not confuse the jury and

does not prejudice it against the defendant. *State* v. *Fauci*, supra, 159–60.

To apply those concepts to the present appeal, we examine the facts of each of the six cases joined for trial. In the first case, a home in Bridgeport was burglarized on June 16, 2002, but nothing was stolen. In the second case, a home in Fairfield was burglarized on June 27, 2002, and a bicycle, cellular telephone, eyeglasses and $150 were stolen. The rest of the cases occurred within hours of one another. In the third case, another home in Fairfield was burglarized shortly after 11 p.m. on June 30, 2002, and car keys and less than $5 were stolen. In the fourth case, sometime before 1:30 a.m. on July 1, 2002, another home in Fairfield was burglarized, and a purse and vehicle were stolen. In the fifth case, at approximately 1 a.m. on July 1, 2002, an intruder attempted to enter another home in Fairfield but fled after seeing one of its residents. In the sixth case, at approximately 11 p.m. on July 1, 2002, police arrested the defendant in the cellar of a home in Bridgeport near the three Fairfield homes involved in the third, fourth and fifth cases.

The state presented the evidence in the following manner. On the first day of trial, the state offered the testimony of one witness relating to the first case and then one witness relating to the second case. On the second day, the state offered the testimony of three witnesses relating to the first case, followed by one witness relating to the fourth case and one witness relating to the third case. On the third day, the state offered the testimony of one witness relating to the fourth case and two witnesses relating to the sixth case. On the fourth day, the state offered the testimony of one witness relating to the sixth case; two witnesses relating to the fifth case; one witness relating to the third, fourth and fifth cases; another witness relating

only to the fifth case; and another witness relating to the third, fourth and fifth cases.

We conclude that the six cases against the defendant involved discrete, easily distinguishable factual scenarios. Each case involved a different residence, occurred at a distinct time and relied on the testimony of different witnesses. Although the state did not present its witnesses in the six cases in strictly chronological order, we are not persuaded that the order of presentation may have confused the jury or prejudiced it against the defendant. The evidence progressed in generally chronological fashion from the crimes that occurred on June 16 and 27, 2002, to the crimes that occurred in quick succession within a few hours of one another on June 30 and July 1, 2002. Furthermore, the evidence was presented in just four days of trial and was not particularly complex or difficult to understand. To present the evidence in the best possible manner, the state should have offered all the witnesses relating to the first case, followed by all the witnesses relating to the second case, and so on, ending with the witnesses relating to the sixth case. The state was not required to do so, however, as long as its presentation of the evidence did not lead to jury confusion or prejudice against the defendant. Given the distinct facts of the six cases, we determine that the order of presentation of the evidence was not likely to have confused the jury or prejudiced it against the defendant.

Our view that the six cases against the defendant involved discrete, easily distinguishable factual scenarios finds further support in the nature of the jury's verdicts. Although the jury found the defendant guilty of all the counts of burglary, attempt to commit burglary, larceny and criminal trespass that it considered, it found the defendant not guilty of one count of breach of the peace in the second degree. That acquittal demonstrated that the jury was able to consider each count

separately and, therefore, was not confused or prejudiced against the defendant. See *State* v. *Cook*, supra, 70 Conn. App. 121.

Because the six cases against the defendant involved discrete, easily distinguishable factual scenarios, Judge Damiani did not abuse his discretion in joining the cases together for trial. Even if we had determined that the cases were not factually distinct, we would have concluded that Judge Hauser's numerous instructions to the jury to consider each case separately were sufficient to cure any prejudice that the defendant might have suffered. The defendant's argument that Judge Hauser contradicted himself by instructing the jury both to consider each case separately and to apply some evidence to more than one case is incorrect because evidence may be admissible in more than one case joined for trial. We therefore reject the defendant's claim that Judge Damiani improperly granted the state's motion for joinder.

## II

The defendant's second claim is that the court improperly admitted into evidence a tape recording of a 911 call relating to one of the cases against him. We disagree.

The case involving the 911 call was the third case against the defendant, in which a home in Fairfield was burglarized shortly after 11 p.m. on June 30, 2002, and car keys and less than $5 were stolen. On the tape recording of the call, a woman told the 911 operator that someone was breaking into her home and expressed fear for the safety of her children. The court admitted the recording into evidence on the ground of relevance, finding that its probative value outweighed its prejudicial effect. The court found that the recording established elements of the crime of burglary, namely, that an intruder had entered a residence at night without

permission. The defendant argues that the court should not have admitted the recording into evidence because it was more prejudicial than probative. The defendant further argues that the woman on the recording also testified at trial regarding facts that established the elements of the crime of burglary, thus making the recording merely cumulative.

"The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . Every reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion. . . . [T]he burden to prove the harmfulness of an improper evidentiary ruling is borne by the defendant. The defendant must show that it is more probable than not that the erroneous action of the court affected the result." (Citation omitted; internal quotation marks omitted.) *State* v. *Brisco*, 84 Conn. App. 120, 132, 852 A.2d 746, cert. denied, 271 Conn. 944, 861 A.2d 1178 (2004). "Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . All that is required is that the evidence tend to support a relevant fact even to a slight degree, so long as it is not prejudicial or merely cumulative." (Internal quotation marks omitted.) *Jewett* v. *Jewett*, 265 Conn. 669, 679–80, 830 A.2d 193 (2003). One situation in which evidence is more prejudicial than probative occurs when "the facts offered may unduly arouse the jury's emotions, hostility or sympathy . . . ." (Internal quotation marks omitted.) *State* v. *Henderson*, 83 Conn. App. 739, 749, 853 A.2d 115, cert. denied, 271 Conn. 913, 859 A.2d 572 (2004). As to cumulative evidence, if "evidence presents new matter, it is obviously not cumulative with evidence previously received." (Internal quotation marks omitted.) *State* v. *Brisco*, supra, 129.

We conclude that the court reasonably determined that the recording was relevant because it tended to

support the fact that a burglary had occurred. Although the jury may have detected fear in the woman's voice on the recording, we cannot conclude that the recording unduly aroused the jury's emotions. A reasonable person would assume fear in the mind of a burglary victim. The recording was therefore not particularly prejudicial. Finally, the recording was not merely cumulative because the woman who made the 911 call did not testify about the contents of the call on direct examination. The prosecutor questioned her about the events leading to the call, then played the recording and questioned her about the events following the call. The court therefore did not abuse its discretion in admitting the recording into evidence.

### III

The defendant's last claim is that the evidence failed to support the conviction of one of the counts of burglary. We disagree.

The case in which the defendant claims that there was insufficient evidence was the first case against him, in which a home in Bridgeport was burglarized on June 16, 2002, but nothing was stolen. Police recovered the defendant's fingerprints from the window that the intruder had used to gain entry to the home. That was the only evidence linking the defendant to the burglary. The defendant argues that the state failed to prove that he had left his fingerprints on the window at the time of the burglary rather than at some other time.

"In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . .

"[T]he inquiry into whether the record evidence would support a finding of guilt beyond a reasonable doubt does not require a court to ask itself whether it believes that the evidence . . . established guilt beyond a reasonable doubt. . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; internal quotation marks omitted.) *State* v. *Bloom*, 86 Conn. App. 463, 471–72, 861 A.2d 568 (2004), cert. denied, 273 Conn. 911, 870 A.2d 1081 (2005).

We conclude that the presence of the defendant's fingerprints on the home's window was sufficient evidence that he had committed the burglary. "[A] conviction may not stand on fingerprint evidence alone unless the prints were found under such circumstances that they could only have been impressed at the time the crime was perpetrated. . . . [W]here a conviction rests solely on fingerprint evidence, the proof must demonstrate not only that at some time the defendant . . . touched objects found at the scene of the crime, but also that the objects were generally inaccessible to the defendant . . . and that therefore the objects were probably touched during the commission of the crime." (Internal quotation marks omitted.) *State* v. *Bridges*, 65 Conn. App. 517, 521, 782 A.2d 1256, cert. denied, 258 Conn. 934, 785 A.2d 230 (2001). Because the defendant had no legitimate connection with the home that was burglarized, the jury reasonably could have found that he had left his fingerprints on the window at the time of the burglary. The defendant's fingerprints were sufficient evidence to support his conviction in the first case against him.

The judgments are affirmed.

In this opinion the other judges concurred.