## STATE OF CONNECTICUT *v.* JOHN TAYLOR
### (AC 26442)

Bishop, McLachlan and West, Js.

Argued January 9—officially released May 8, 2007

*Adele V. Patterson,* acting chief of habeas corpus services, with whom, on the brief, were *Heath A. Tiberio* and *Daniel Weaver,* certified legal interns, for the appellant (defendant).

*Margaret Gaffney Radionovas,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Seth R. Garbarsky,* assistant state's attorney, for the appellee (state).

*Opinion*

WEST, J. The defendant, John Taylor, appeals from the judgment of conviction, rendered after a jury trial, of possession of narcotics in violation of General Statutes § 21a-279 (a) and possession of narcotics within 1500 feet of a school in violation of General Statutes § 21a-279 (d). On appeal, the defendant claims that the trial court improperly (1) granted the state's motion for joinder of two separate cases against him and (2) replayed the cross-examination of a defense witness. We affirm the judgment of the trial court.

The defendant was charged in connection with two separate incidents. In the first incident, on February 1, 2003, New Haven police officers responded to a call that a man was selling drugs in front of the defendant's home. When the officers arrived at that location, they observed the defendant standing outside and noted that he matched the description of the man reportedly selling drugs. The defendant then dropped a plastic bag over a fence. The officers retrieved the bag and performed a field test, which revealed that the bag contained crack cocaine. The officers then arrested the defendant.

In the second incident, on September 24, 2003, the defendant was riding a motorcycle in New Haven and collided with another vehicle. The defendant was transported to a hospital, where an emergency room technician discovered a brown paper bag inside the defendant's coat pocket. The bag contained approximately $125 and fourteen small plastic bags, which in turn contained a white rock like substance. The technician then called the police to the hospital. Several officers arrived and performed a field test, which revealed that the plastic bags contained crack cocaine. The officers then arrested the defendant.

The state charged the defendant with several narcotics offenses and subsequently filed a motion for joinder of all of those charges in a single jury trial. The court granted that motion. At trial, the defendant and several other defense witnesses testified that he had not been selling drugs in front of his home on February 1, 2003. According to that testimony, two women were arguing loudly in front of the defendant's home on that night, and when the defendant went outside in order to find out why they were arguing, police officers arrived, noticed a bag of drugs on the ground and claimed that the bag belonged to him. The defendant's theory of defense regarding the incident on September 24, 2003,

was that he borrowed a coat from a friend and did not know that the pocket contained a bag of drugs.

After considering the evidence, the jury returned a verdict of guilty on all of the charges relating to the incident on February 1, 2003, and a verdict of not guilty on all of the charges relating to the incident on September 24, 2003. The court rendered judgment in accordance with the verdict and sentenced the defendant to a total effective term of three years incarceration. This appeal followed.

I

The defendant first claims that the court improperly granted the state's motion for joinder of all charges against him in a single trial. We disagree.

"[B]ecause joinder foster[s] economy and expedition of judicial administration . . . we consistently have recognized a clear presumption in favor of joinder and against severance . . . and, therefore, absent an abuse of discretion, we will not second guess the considered judgment of the trial court as to joinder or severance of two or more charges. . . . Although we apply a standard of review of abuse of discretion, we are mindful that an improper joinder may expose a defendant to potential prejudice for three reasons. First, when several charges have been made against the defendant, the jury may consider that a person charged with doing so many things is a bad [person] who must have done something, and may cumulate evidence against him . . . . Second, the jury may have used the evidence of one case to convict the defendant in another case even though that evidence would have been inadmissible at a separate trial. . . . [Third] joinder of cases that are factually similar but legally unconnected . . . present[s] the . . . danger that a defendant will be subjected to the omnipresent risk . . . that although so much [of the evidence] as would be admissible upon

any one of the charges might not [persuade the jury] of the accused's guilt, the sum of it will convince them as to all. . . .

"To guard against any potential prejudice, the court must exercise its discretion in a manner consistent with the defendant's right to a fair trial. Consequently, we have identified several factors that a trial court should consider in deciding whether a severance may be necessary to avoid undue prejudice resulting from consolidation of multiple charges for trial. These factors include: (1) whether the charges involve discrete, easily distinguishable factual scenarios; (2) whether the crimes were of a violent nature or concerned brutal or shocking conduct on the defendant's part; and (3) the duration and complexity of the trial. . . . If any or all of these factors are present, [we] must decide whether the trial court's jury instructions cured any prejudice that might have occurred." (Citations omitted; internal quotation marks omitted.) *State* v. *Rodriguez*, 91 Conn. App. 112, 117–18, 881 A.2d 371, cert. denied, 276 Conn. 909, 886 A.2d 423 (2005); see also *State* v. *Boscarino*, 204 Conn. 714, 722–25, 529 A.2d 1260 (1987).

The defendant argues that only the first of those factors is at issue in this case, namely, whether the two cases against him involved discrete, easily distinguishable factual scenarios. We conclude that the facts of the two cases were discrete and easily distinguishable because the defendant dropped a bag of drugs over a fence in the first case but was involved in a motorcycle accident while in possession of a bag of drugs in the second case. It is also significant that the jury found the defendant guilty on all of the charges relating to the first case but not guilty on all of the charges relating to the second case. The jury's verdicts demonstrated that it was able to consider the cases separately and was not confused or prejudiced against the defendant as a result of the joinder. See *State* v. *Rodriguez*, supra,

91 Conn. App. 120–21. The court did not abuse its discretion in granting the state's motion for joinder.[1]

## II

The defendant next claims that the court improperly replayed the cross-examination of defense witness Tyrone Fernandez. We disagree.

Fernandez, who was one of the defendant's neighbors, called the police on February 1, 2003, to report that a man was selling drugs in front of the defendant's home. At trial, Fernandez testified for the defense that the defendant was not the man who had been selling drugs. The state then cross-examined Fernandez as to his prior criminal convictions. During that cross-examination, defense counsel informed the court that a juror appeared to have fallen asleep. The court was unsure whether that juror actually had fallen asleep, but it offered to replay the cross-examination and to instruct the jury to listen carefully to all of the testimony. Defense counsel accepted the court's offer. The defendant now claims that the replaying of the cross-examination unduly emphasized the state's attack on

---

[1] As a coda to his claim regarding joinder of the two cases against him, the defendant also claims that the court committed plain error by failing to instruct the jury that certain expert testimony regarding the sale of narcotics applied only to the second case, in which fourteen bags of crack cocaine were found in the pocket of the coat that he was wearing following his motorcycle accident. We disagree. "[T]he plain error doctrine, which is now codified at Practice Book § 60-5 . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . In addition, the plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." (Citation omitted; internal quotation marks omitted.) *State* v. *Kirk R.*, 271 Conn. 499, 507 n.14, 857 A.2d 908 (2004). In the present case, because the court instructed the jury to consider each of the charges against the defendant separately, the court's failure to

Fernandez' credibility and suggested to the jury that the court was biased in favor of the state.

Because the defendant did not object to the replaying of the cross-examination, he requests review of his claim pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[2] The defendant's request is unavailing because the circumstances clearly indicate that he waived his right to challenge the replaying of the cross-examination on appeal. The defendant induced the court to take action in response to the possibility that a juror had fallen asleep during Fernandez' cross-examination and then agreed with the court's suggestion that replaying that cross-examination and instructing the jury to listen carefully would constitute an appropriate response. The defendant's acceptance of the court's response to the situation amounted to a waiver of any claim of impropriety arising from the replaying of the cross-examination. Our Supreme Court recently determined that "unpreserved, waived claims, fail under the third prong of *Golding* . . . ." *State* v. *Fabricatore*, 281 Conn. 469, 482, 915 A.2d 872 (2007). Accordingly, we reject the defendant's claim.

The judgment is affirmed.

In this opinion the other judges concurred.

---

issue further instructions specifying precisely which evidence applied to each charge does not require reversal of the judgment.

[2] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.