JOHN TAYLOR *v.* COMMISSIONER OF CORRECTION
(AC 30464)

Bishop, Gruendel and Beach, Js.

Argued September 23—officially released December 21, 2010

*Lauren Weisfeld,* senior assistant public defender, for the appellant (petitioner).

*James M. Ralls,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Linda N. Howe,* former senior assistant state's attorney, for the appellee (respondent).

*Opinion*

BISHOP, J. The petitioner, John Taylor, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court (1) abused its discretion by denying his petition for certification to appeal and (2) improperly denied his motion to open and to vacate the judgment of dismissal of his habeas corpus petition on the basis that he and his attorney failed to appear for trial. We agree with the petitioner and, accordingly, reverse the judgment of the habeas court.

On September 29, 2004, the petitioner was convicted, after a jury trial, of possession of narcotics in violation of General Statutes § 21a-279 (a) and possession of narcotics within 1500 feet of a school in violation of General Statutes § 21a-279 (d). The petitioner subsequently was sentenced to a total effective term of three years incarceration. This court affirmed his conviction. *State* v.

*Taylor*, 101 Conn. App. 160, 161, 921 A.2d 617, cert. denied, 283 Conn. 903, 927 A.2d 916 (2007).

The petitioner filed his initial petition for a writ of habeas corpus on March 23, 2005, which he later amended to allege ineffective assistance of counsel. On May 27, 2005, attorney Christopher M. Neary was appointed to represent the petitioner and filed an appearance in lieu of the petitioner's pro se appearance and that of the public defender's office. On April 8, 2008, the habeas court entered a scheduling order, which was signed by counsel for both parties, establishing deadlines for various pleadings and court filings, and setting a trial date of August 12, 2008.[1] On July 30, 2008, the petitioner filed a motion to modify the scheduling order to continue the trial date to January, 2009.[2] The respondent, the commissioner of correction, filed an objection to the petitioner's motion. On August 7, 2008, the habeas court denied the petitioner's motion and sustained the respondent's objection. Counsel for both parties were afforded notice of the court's ruling by telephone and written notice.

On August 12, 2008, both the petitioner and his attorney failed to appear for trial.[3] The respondent made an oral motion to dismiss the petitioner's claims, which the court granted, with prejudice. The court also

[1] The scheduling order indicated that the dates contained therein were "firm dates" that could be modified only by filing a motion to modify and that failure to comply with the order could result in "sanctions, [j]udgment of [d]ismissal or [d]efault." On the next day, April 9, 2008, the court issued another order confirming the trial date of August 12, 2008, and stating: "Parties must be prepared to go forward. Failure to appear may result in judgment of dismissal or default. . . . Motions for continuance must be filed in writing at least [seven] business days before the scheduled event and will only be granted under exceptional circumstances."

[2] In support of the motion to modify the scheduling order, the petitioner's counsel stated that he needed additional time to complete discovery in order to "adequately represent the petitioner."

[3] At the time of the habeas trial, the petitioner was no longer in the custody of the respondent.

ordered the petitioner's counsel to show cause why he should not be fined for failure to comply with the April 8, 2008 scheduling order.

On August 25, 2008, counsel for the petitioner filed a motion to open and to vacate the judgment, claiming that he had assumed that the court had granted his motion for a continuance because "there was no possible way [that he could] adequately represent the petitioner without the materials" requested by way of discovery. Although counsel acknowledged that notice of the court's denial of his motion was sent on August 7, 2008, he explained that he was in Danbury on that date and did not return to his office until August 12, 2008, due to an illness in the family. Counsel explained that he could not check his telephone messages during that time and did not realize that his motion had been denied until he returned to his office late on August 12, 2008. On September 10, 2008, the court denied the motion to open and to vacate the judgment.[4] The petitioner next filed a petition for certification to appeal from the judgment of the habeas court, which the habeas court also denied. This appeal followed.

"When confronted with a denial of certification to appeal, we must determine whether this ruling constituted an abuse of discretion. . . . A petitioner satisfies that substantial burden by demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If the petitioner can show that the habeas court abused its discretion in denying the petition for certification to appeal, then the petitioner must demonstrate that the judgment of the habeas court

---

[4] On August 21, 2008, counsel had filed a "motion re: contempt and cause," explaining the personal circumstances giving rise to his motion to modify the scheduling order and his failure to appear for trial. The court granted the motion and vacated its show cause order.

should be reversed on its merits. . . . To determine whether the court abused its discretion, we must consider the merits of the petitioner's underlying claims." (Internal quotation marks omitted.) *Greene* v. *Commissioner of Correction*, 123 Conn. App. 121, 126–27, 2 A.3d 29, cert. denied, 298 Conn. 929, 5 A.3d 489 (2010).

The petitioner claims that the court improperly denied his motion to open and to vacate the judgment of dismissal rendered by the habeas court on the ground that neither he nor his attorney appeared for trial and that the court improperly dismissed his claims without affording him the right to be present in violation of Practice Book § 23-40 (a). We agree.

"[I]n reviewing a court's ruling on a motion to open, reargue, vacate or reconsider, we ask only whether the court acted unreasonably or in clear abuse of its discretion." (Internal quotation marks omitted.) *Gianetti* v. *Gerardi*, 122 Conn. App. 126, 129, 998 A.2d 807 (2010). Practice Book § 23-40 (a) provides in relevant part: "The petitioner . . . shall have the right to be present at any evidentiary hearing and at any hearing or oral argument on a question of law which may be dispositive of the case, unless the petitioner . . . waives such right or is excused by the judicial authority for good cause shown. . . ."

When the court dismissed the petition on August 12, 2008, it noted that counsel for both parties were notified of the denial of the petitioner's motion to modify the scheduling order. In a subsequent articulation issued by the court, it again explained that counsel for both parties had been notified of that denial. The court never indicated, nor is there any indication in the record, that the petitioner was notified of that order; nor does the record reflect that the petitioner was ever notified that a scheduling order was in place or that his petition was subject to dismissal for failure to comply with the

scheduling order. Because Practice Book § 23-40 (a) mandates that a petitioner be afforded the right to be present at any dispositive hearing, and the petitioner in this case was not afforded that right, we conclude that the court improperly dismissed the petition.[5] Thus, we conclude that the court abused its discretion in denying the petitioner certification to appeal and that the decision of the court must be reversed.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion GRUENDEL, J., concurred.

BEACH, J., concurring and dissenting. I respectfully concur with the conclusion of the majority that further proceedings are required. I believe, however, that the habeas court was not constrained to delay action on the request by the respondent, the commissioner of correction, for a dismissal of the claims by the petitioner, John Taylor, until a second hearing could be held. I also believe that the court erred in not holding a hearing on the petitioner's motion to open and to vacate the judgment of dismissal at which the petitioner would be afforded the right to be present.

I agree with the majority's summary of the facts and will not repeat them here at length. At the time of the scheduled trial on the merits of the habeas action, neither the petitioner nor his attorney appeared. After it became apparent that neither was going to appear, the attorney for the respondent moved the court to dismiss the case.

Unlike the majority, I believe that the court was not required at that juncture to notify the petitioner, presumably through his attorney, that a motion to dismiss

---

[5] The petitioner also claims that he was deprived of his constitutional and statutory rights. Because we agree that the court violated Practice Book § 23-40, we need not address the petitioner's additional claims.

had been filed and to schedule another hearing to determine whether the matter should be dismissed in some fashion. Practice Book § 23-29 (5) provides that the court may at any time dismiss the petition if it determines that, among other reasons, "any . . . legally sufficient ground for dismissal of the petition exists." A habeas corpus action, as a variant of civil actions, is subject to the ordinary rules of civil procedure, unless superseded by the more specific rules pertaining to habeas actions. In *Fuller* v. *Commissioner of Correction*, 75 Conn. App. 814, 817–19, 817 A.2d 1274, cert. denied, 263 Conn. 926, 823 A.2d 1217 (2003), for example, we held that a dismissal for lack of due diligence in prosecuting the case pursuant to Practice Book § 14-3[1] was a legally sufficient ground for dismissal of a habeas corpus action and fell under the catchall "other legally sufficient ground" provision of Practice Book § 23-29 (5). Similarly, a failure to appear for trial may result in an immediate nonsuit[2] pursuant to Practice Book § 17-19; a nonsuit so entered ends the case unless there is a subsequent motion to open.[3] See, e.g., *Segretario* v. *Stewart-Warner Corp.*, 9 Conn. App. 355, 359, 519 A.2d 76 (1986).

It is true, as pointed out by the majority, that a habeas petitioner has a right to be present at any evidentiary hearing and any argument on a question of law that may be dispositive of the case, *unless the petitioner waives* the right. Practice Book § 23-40; see also *Mitchell* v. *Commissioner of Correction*, 93 Conn. App. 719, 726 n.5, 891 A.2d 25, cert. denied, 278 Conn. 902, 896 A.2d 104 (2006); *Mercer* v. *Commissioner of Correction*,

---

[1] Practice Book § 14-3 provides in relevant part that dismissal for lack of due diligence requires at least two weeks notice, "*except in cases appearing on an assignment list for final adjudication. . . .*" (Emphasis added.)

[2] For the purpose of this opinion, I find no meaningful distinction between "nonsuits" and "dismissals."

[3] The scheduling order in the trial court provided that failure to comply could result in dismissal.

230 Conn. 88, 93, 644 A.2d 340 (1994). The more common posture in habeas actions is that the petitioner is in the custody of the commissioner, who has a duty to deliver the body to court; indeed, "habeas corpus" means "you have the body." This court has held that legal arguments may be held in the absence of the petitioner when his presence cannot be compelled by statute or interstate compact, despite the language of Practice Book § 23-40. *Hickey* v. *Commissioner of Correction*, 82 Conn. App. 25, 37–40, 842 A.2d 606 (2004), appeal dismissed, 274 Conn. 553, 876 A.2d 1195 (2005). Actual physical presence is not, then, categorically required for the court to act. The petitioner in the present case undoubtedly had the *right* to be present in court when the discussion regarding dismissal occurred; the case was terminated because he (or counsel) was *not* present. In light of the authority cited above and the standard practice of our courts, a litigant ought to anticipate that not showing up may result in the dismissal of the case. See, e.g., *Osborne* v. *Osborne*, 2 Conn. App. 635, 638, 482 A.2d 77 (1984). In the circumstances here, I believe that the habeas court had the discretion to render judgment in favor of the respondent when neither the petitioner nor his counsel appeared for a trial that had been duly scheduled.[4]

The habeas court, however, ordered a dismissal "with prejudice." Although there may be some ambiguity in the phrase "with prejudice," it appears from the court's summary denial of the motion to open and to vacate the judgment and the explanation in its articulation of the denial that no recourse was possible. In any event, it is clear that the petitioner was not extended the right

---

[4] The request of the petitioner's counsel for a continuance had been denied and notice of the denial sent. The basis for the request was, essentially, that counsel did not yet have the information he felt that he needed for trial. He had not communicated any personal circumstance, such as the relative's illness, which perhaps for humane reasons might have justified a continuance.

to be present at the time the motion was decided. Because a substantial right of the petitioner was at stake in the motion to open and to vacate the judgment, he should have been afforded the opportunity to be present.[5] *Mitchell* v. *Commissioner of Correction*, supra, 93 Conn. App. 724–26.

Accordingly, I would reverse the judgment of the habeas court on the petitioner's motion to open and to vacate the judgment and would remand the case for a hearing on that motion.[6]

---

[5] Videoconferencing could conceivably satisfy the requirement that a petitioner be "present."

[6] I would leave for another day and factual context the question of what standards apply to such a motion.